OPINION OF THE COURT
Ralph Diamond, J.
This appears to be an issue of first impression since the advent of the Equitable Distribution Law (L 1980, ch 281) as to its effect upon a support petition brought in the Family Court.
FACTS
The petitioner Betty Byrum filed a petition for support against her husband, Leroy Byrum, under article 4 of the Family Court Act, seeking support for herself. Her petition was prepared on the Family Court’s form 4-4. The respondent Leroy Byrum denied the allegations of the petition and a two-day hearing was held. The respondent was represented by an attorney, the petitioner was not. At the conclusion of the hearing this court rendered a decision in favor of the petitioner against the respondent for support in the sum of $20 per week plus medical and dental insurance coverage. The court stated its reasons for its decision on the record but did not set forth all the factors referred to in section 236 of the Domestic Relations Law. During this entire period of time the parties were married *629 to each other and no matrimonial matter was pending between them.
The matter currently before the court is a motion by respondent’s attorney for reconsideration of this court’s support order.
respondent’s arguments
The respondent argues that the court in making an award of maintenance, applied the “old ” rather than the “new” law. He claims that in applying the “old” method of determining support, “the Court misapprehended the applicable law and therefore was in error in awarding maintenance to the petitioner.” He concludes that the Family Court is obligated to apply the same standards in determining the issue of maintenance as is the Supreme Court under part B of section 236 of the Domestic Relations Law.
ISSUES
(a) Has the adoption of “equitable distribution” changed the law in determining support of a spouse based upon a petition brought directly in the Family Court when the parties are married to each other and there is no matrimonial matter pending in any other court?
(b) Must a court in rendering its decision in such a support matter set forth the factors it considered pursuant to part B of section 236 of the Domestic Relations Law, or must it follow sections 416 and 442 of the Family Court Act?
ANALYSIS OF STATUTES
Governor Carey, in his memorandum of approval of chapter 281 of the Laws of 1980 said, “In my Annual Message to the Legislature earlier this year, I urged the adoption of divorce reform legislation *** which would consider the economic impact on spouses and children upon the dissolution of a marriage. This bill accomplishes these goals.” Apparently the main thrust of the reform bill was to provide a more equitable arrangement upon the dissolution of a marriage. The bill amends the Domestic Relations Law and the Family Court Act plus many other laws. In order to determine what changes in the law the Legislature intended, it is essential that the court analyze each of *630 the amended statutes as well as those that were not amended.
Section 236 (part B, subd 1, par a) of the Domestic Relations Law defines the term “maintenance” to mean payments “to meet the reasonable needs of a party to the matrimonial action”. The term matrimonial action is set forth in section 236 (part B, subd 2) as “actions for an annulment or dissolution of a marriage, for a divorce, for a separation, for a declaration of the nullity of a void marriage, for a declaration of the validity or nullity of a foreign judgment of divorce, for a declaration of the validity or nullity of a marriage, and to proceedings to obtain maintenance or a distribution of marital property following a foreign judgment of divorce”.
A detailed review of the above two sections clearly sets forth that “maintenance” may only be ordered to meet the reasonable needs of a party to a matrimonial action as defined in the immediate above paragraph. Support of a spouse is different then “maintenance” because it may be awarded during a period of time when they are married and no matrimonial action is pending. The respondent is in error when he uses support and maintenance as interchangeable terms.
Section 236 (part B, subd 6, par a) of the Domestic Relations Law sets forth 10 factors that the court in any matrimonial action must consider in determining the amount and duration of maintenance. It further requires the court to set forth the factors it considered and the reasons for its decision. This section limits a temporary or final maintenance order to a matrimonial action. The herein action was initiated pursuant to article 4 of the Family Court Act, petitioning this court to establish an order of support without any matrimonial action pending or resolved.
The respondent in his moving papers states that the applicable statutes in support of his position are part B of section 236 of the Domestic Relations Law and section 412 of the Family Court Act. The court has already reviewed section 236 and shall now detail section 412.
Section 412 of the Family Court Act was indeed amended as part of chapter 281 of the Laws of 1980, by substituting *631 language that would make the section gender-neutral. What is most significant in constructing and interpreting the legislative intent is that the Legislature did consider this statute and did amend it but left undisturbed its basic responsibility for a married person’s duty to support a spouse. The section retains the same guidelines of determining support. The Legislature in considering this section could have required the Family Court to set forth the factors enumerated in section 236 (part B, subd 6, par a) of the Domestic Relations Law, but obviously decided not to alter the existing law.
Subdivision (b) of section 115 of the Family Court Act was amended by inserting “maintenance, a distribution of marital property” to this section which defines the jurisdiction of the Family Court.
It is clear that the Legislature intended the Family Court to have jurisdiction over “maintenance [and] distribution of marital property”. Subdivision a of section 98 of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1) sets forth that in interpretation of statute, “the court must assume that the Legislature did not deliberately place in the statute a phrase intended to serve no purpose, but must read each word and give to it a distinct and consistent meaning. Every provision of a statute must be construed as having been intended to serve some useful purpose, so that the court must inquire whether a provision does have a useful purpose therein and yet is not in conflict with the letter and spirit of the * * * statute.”
The court in reviewing other amendments made in the Family Court Act finds that the Legislature did have a useful purpose in inserting “maintenance [and] distribution of marital property” as additions to the jurisdiction of the Family Court.
Subdivision (a) of section 464 of the Family Court Act was amended, adding “maintenance or a distribution of marital property” to those matters which the Supreme Court in a matrimonial action could refer to the Family Court. In addition, subdivision (b) of section 464 was amended to grant the Family Court the right to grant “maintenance” during the pendency of a matrimonial mat *632 ter in the absence of a referral, provided a spouse is likely to become in need of public assistance or care.
An additional grant of jurisdiction to the Family Court to issue an order of “maintenance” is contained in the amended subdivisions (a) and (c) section 466 of the Family Court Act. The amended sections now permit the Family Court to enforce or modify an order or decree of the Supreme Court made in a matrimonial matter provided that the order or decree does not retain exclusive jurisdiction.
A review of the above-amended sections clearly indicates that the Legislature intended that the Family Court have jurisdiction over maintenance during the pendency of and enforcement or modification after a final order or decree is rendered by the Supreme Court in matrimonial matters as defined in section 236 (part B, subd 2) of the Domestic Relations Law.
HAS THE ADOPTION OF “EQUITABLE DISTRIBUTION” CHANGED THE LAW IN DETERMINING SUPPORT OF A SPOUSE WHEN THERE IS NO MATRIMONIAL ACTION PENDING?
Having determined that the Legislature did grant the Family Court jurisdiction over “maintenance” in matrimonial matters, the court now must analyze the remaining applicable statutes to determine whether it intended any modifications of the law relating to petitions for support brought in the Family Court when there is no matrimonial matter pending or determined. The court has already pointed out in reviewing section 412 of the Family Court Act that the Legislature retained the existing law requiring the court to determine support based upon the “circumstances of the respective parties.” It did not add “maintenance” nor refer to part B of section 236 of the Domestic Relations Law.
A most important section reviewed by the court in its attempt to discover the intent of the Legislature is section 416 of the Family Court Act which sets forth the elements of support. It appears to this court that if the Legislature intended to make all support matters in the Family Court conform to the factors set forth in part B of section 236 of *633 the Domestic Relations Law, this section would have been so amended. Instead, the Legislature in its wisdom, retained the existing law which requires the court to consider the following elements of support: “the providing of necessary shelter, food, clothing, care, medical attention, expenses of confinement, the expense of education, payment of funeral expenses, and other proper and reasonable expenses” (Family Ct Act, §416).
Another indication of the legislative intent is section 442 of the Family Court Act relating to an order of support which was amended. The amendment to this section was limited to making it gender-neutral but made no change in the existing law regarding the basis of an order of support.
CONCLUSION AS TO CONSTRUCTION AND INTERPRETATION OF THE LEGISLATIVE INTENT OF THE ADOPTION OF “EQUITABLE DISTRIBUTION” REGARDING THE FAMILY COURT
In reaching its conclusion of legislative intent, the court has attempted to follow the guidelines set forth in subdivision a of section 98 of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1), which reads as follows: “All parts of a statute must be harmonized with each other as well as with the general intent of the whole statute, and effect and meaning must, if possible, be given to the entire statute and every part and word thereof.”
The general intent by the Legislature in adopting chapter 281 of the Laws of 1980 generally called equitable distribution was clearly set forth by Governor Carey when he stated that the bill accomplished the goal of considering the economic impact on spouses and children upon the dissolution of a marriage.
The court has analyzed each applicable statute and finds that they do harmonize with each other and with the general intent of the whole statute.
The court does find that the Legislature did intend and did broaden the Family Court’s jurisdiction regarding maintenance and distribution of marital property in cases involving matrimonial actions.
The court further finds that the Legislature deliberately did not amend, alter or modify any statute regarding *634 support of a spouse when there is no matrimonial action pending or order or decree rendered. Based upon these findings, the Family Court, in rendering a decision of support in such matters, must adhere to sections 416 and 442 of the Family Court Act and is not required to consider the factors set forth in part B of section 236 of the Domestic Relations Law.
DECISION AND ORDER
The court finds that its decision and order of support dated April 8,1981 was based upon the prevailing law and therefore is continued in full force and effect. The court finds no merit in respondent’s moving papers for an order granting reargument of his motion to dismiss the petition, and therefore denies his motion.