OPINION OF THE COURT
Joseph D. Mintz, J.
This post-Equitable Distribution Law (EDL) action for divorce came before this court for trial on September 13, 1982. The complaint alleged acts of cruel and inhuman treatment, to which defendant responded by way of an answer containing affirmative defenses to plaintiff’s action, but no counterclaim. In defendant’s wherefore clause, defendant requested relief ancillary to the divorce action. At the close of plaintiff’s proof on the date of trial, defendant moved for dismissal of plaintiff’s ‘ complaint under Hessen v Hessen (33 NY2d 406). Defendant’s motion was granted. Defendant thereupon requested a hearing on ancillary relief and plaintiff raised the issue of the court’s authority to grant such relief. Thus, the issue before the court is whether the court may award maintenance where divorce has not been granted.
Prior to the passage of EDL, the court was empowered to award alimony to a wife notwithstanding that the court *114 does not grant the divorce requested by either party, under section. 236 of the Domestic Relations Law. Since the passage of EDL, this provision has remained intact, except for language making the provision gender neutral, in part A of section 236 of the Domestic Relations Law, which applies only to actions commenced prior to July 19, 1980, the effective date of EDL. Among other changes under EDL, the term “alimony” was replaced with the term “maintenance” as the provision by which one spouse was to provide support for the other spouse. However, the change was not merely a semantic one: the language of section 236 (part A, subd 1) provides that the court may direct either spouse to “provide suitably for the support of the other as, in the court’s discretion, justice requires, having regard to the length of time of the marriage, the ability of each spouse to be self supporting, the circumstances of the case and of the respective parties”. (Emphasis added.) In contrast, the language of section 236 (part B, subd 6, par a) provides that the court may order maintenance “to meet the reasonable needs of a party to the matrimonial action in such amount as justice requires, having regard for the circumstances of the case and of the respective parties.” (Emphasis added.) Then section 236 (part B, subd 6, par a) also provides that in determining reasonable needs the court should examine the resources of each party, and that in determining amount and duration of maintenance the court shall consider 10 specific factors only one of which is the ability of the person having need to be self-supporting. Thus, although “alimony” is the embodiment of “support” to a divorced spouse, the concept of “support” is only one factor of “maintenance”. In fact, maintenance involves the provision not for “support” but for “reasonable needs”, a concept which presumably goes beyond mere “support.” Finally, section 236 (part B, subd 6) of the Domestic Relations Law contains no provision similar to that contained in part A of section 236 enabling the award of alimony even though divorce is not granted, and, in fact, contains the limitation that the court may award maintenance in a matrimonial action. At least arguably, once the complaint is dismissed, the parties are no longer parties to a “matrimonial action”. This is not, however, the only reason for concluding that *115 the absence of language in section 236 (part B, subd 6) similar to that in part A of section 236 effectively limits the power of the court to award maintenance where the divorce has been denied. First, it is to be noted that the absence of this language is conspicuous and is, therefore, some indication that it was intentional. Second, the language of both sections should be examined in light of the concurrent relief available to an undivorced spouse, i.e., the right to support under section 412 of the Family Court Act: “A married person is chargeable with the support of his or her spouse and, if possessed of sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties.” The concept of support and its determining factors under section 412 of the Family Court Act are not vastly different from that contained in part A of section 236 of the Domestic Relations Law regarding alimony. Thus, whether the divorce court awarded alimony under part A of section 236 where a divorce was denied or the Family Court awarded support under section 412 of its act would not be of great significance in terms of the nature of the amounts and the factors to be considered in determining • the award. In contrast, the award of “maintenance” under section 236 (part B, subd 6) involves vastly different concepts and factors from that of an award of support under section 412 of the Family Court Act. Thus, the absence of a provision under section 236 (part B, subd 6) of the Domestic Relations Law empowering the court to award maintenance where divorce is denied may be an indication that an award of maintenance is inappropriate where the concurrent relief is support under section 412 of the Family Court Act. This position is noted by the Family Court of Nassau County in a case involving a reverse situation. In Byrum v Byrum (110 Misc 2d 628), the court refused to impose the factors required by section 236 (part B, subd 6) on a petition for support stating that it was the obvious intent of the Legislature not to impose the factors regarding maintenance upon a married person’s duty to support under section 412 of the Family Court Act. Although that case involved a different issue, it serves to underline the differ *116 ence between the factors for support vis-a-vis the factors for maintenance, and to indicate some inappropriateness of the imposition of the maintenance factors on a situation involving merely the support of a spouse.
Defendant’s counsel urges that section 236 (part B, subd 8, par b) of the Domestic Relations Law be read as language essentially equivalent to the language in part A of section 236 empowering the court to award alimony to an undivorced spouse. She cites the Practice Commentary in McKinney’s written by Alan D, Scheinkman* (McKinney’s Cons Laws of NY, Book 14,1981-1982 Pocket Part, Domestic Relations Law, § 236), and a phone call she received from Dr. Doris Jonas Freed which purportedly agreed with counsel’s position. Although this court has the utmost respect for the views of both scholars, it finds that this interpretation is not mandated nor even indicated by the legislative history regarding section 236 (part B, subd 8, par b). First, in the portion of the commentary counsel refers to in her memorandum (Scheinkman, op. cit., p 67), Mr. Scheinkman refers to section 236 (part B, subd 8, par b) as providing authority for the provision of support to a needy undivorced spouse. Further in his commentary, however (Scheinkman, op. cit., p 104), it is evident that his conclusion is based on the following: “It should be noted that the last sentence in subdivision 8(b) refers to the court’s discretion to make ‘such direction’ even though the parties still reside together and the court refuses to grant the relief requested by the ‘other’ spouse. ‘Such direction’ is ambiguous. In Part A, it clearly refers to the court’s power to award alimony. In Part B, because of its location, it could be read as referring only to the court’s direction to make a ‘fragmented’ award, not the entire maintenance payment.” Scheinkman goes on to say, although without citation of authority, that this was not what was intended and that there should be a more expansive reading. Aside from his failure to support this statement, Mr. Scheinkman constantly refers to the right of a spouse to “support”, a concept different from that which “maintenance” entails. It does not necessarily follow that an undivorced spouse *117 should be entitled to maintenance. Furthermore, Mr. Scheinkman’s opinion as to the purpose of paragraph b of subdivision 8, and Dr. Freed’s intention regarding paragraph b of subdivision 8 in terms of her input into its drafting notwithstanding, in the New York State Assembly memorandum in support of legislation for Assembly Bill No. 6200A, Senate Bill No. 6174A (EDL) as amended on July 1,1980, the purpose of paragraph b of subdivision 8 was stated to be: “Payments — maintenance, distribution, child support — may be made to the spouse or third person for certain expenses. The amounts payable may be combined.” In light of this legislative history, it is the limited reading of section 236 (part B, subd 8, par b) which is in order, not the expansive reading.
Therefore, the language of parts A and B of section 236 requires the conclusion that a spouse is not entitled to maintenance where divorce has been denied. This result may appear to create some inequity in that a spouse who is successful in preventing divorce is left without the means to support herself. This issue could properly have been addressed by the Legislature by its providing for a remedy in the nature of support for an undivorced spouse. Such a provision, in light of the present law regarding maintenance, would be more equitable than an expansive reading of section 236 (part B, subd 8, par b) so as to allow the grant of maintenance. It should be noted, however, that an undivorced spouse is not totally without a remedy. As a married individual, a needy spouse is entitled to support under section 412 of the Family Court Act. Furthermore, there is authority for the proposition that the court which denied the divorce could award support under that section since that court, the Supreme Court, is a court of general jurisdiction, and can thus award any remedy that a court of limited jurisdiction may award. However, it would be preferable for the Legislature to clearly delineate the court’s authority to grant support in cases where divorce is denied. Perhaps this could be accomplished in section 236 (part B, subd 6) by providing for the award of temporary support, permanent maintenance or in a case where divorce is denied, permanent support. Such a provision *118 would best take into account the difference between support and maintenance that the present law evidences.
For the foregoing reasons, defendant is not entitled to maintenance, and is, therefore, limited to her rights of support as a married individual, under section 412 of the Family Court Act. Although this court could hear a motion for support under that section, it is advisable that Family Court, which has greater experience with this provision, hear the matter. Consequently, the matter of support under section 412 of the Family Court Act is hereby referred to Niagara County Family Court under section 464 of the Family Court Act.

 Counsel cites this as commentary by Professor Siegel; however, Professor Siegel wrote the 1964 commentary, not the 1981 commentary.