■ DANIEL R. HENDERY, Respondent, v MARGARET F. HENDERY, Appellant. — Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered August 26, 1983, which awarded custody of the parties' three children and exclusive possession of the marital residence to plaintiff. ¶ Plaintiff obtained a separation by judgment entered April 25, 1983 which this court modified by granting separation for cruel and inhuman treatment rather than for the wife's adultery (*Hendery v Hendery*, 101 AD2d 624). The trial court had referred the issues of custody and possession of the matrimonial residence to Family Court for determination. ¶ The parties are the parents of three children, who were 10, 8 and 5 years of age at the time of the hearing conducted by Family Court. At the hearing, the evidence established that both parents are well educated and qualified to raise the children. Both had been affectionate and caring. Plaintiff had been a school teacher for a substantial period of time. Defendant recently obtained her master's degree and began teaching at the college level on a part-time basis. Plaintiff is capable of supporting the children; defendant would need assistance from plaintiff. Until February 8, 1982, the family lived together in apparent harmony. ¶ On that date, plaintiff found "love poems" authored by defendant's male friend. When confronted, defendant admitted that she was in love with this other person and wanted to marry him. Although in subsequent testimony defendant disavowed her love for this third person, she had continued to secretly meet him. It is most apparent that her relationship with another man, no matter how she characterized it, was the cause of the disruption of the tranquility which had existed

in the family. ¶ The Family Court Judge stated that his decision in this case was the most difficult decision that he had ever made. Tipping the scales toward plaintiff was what Family Court believed to be the immorality of the wife. Although we do not believe that morality is the principal factor, there having been no evidence introduced which indicated that defendant's conduct had any effect upon the children, we cannot quarrel with Family Court's balancing of all relevant factors in favor of plaintiff. It is an unfortunate situation, but a decision had to be made and it was made by a Judge who had the opportunity to make personal observations of the parties. ¶ The hearing was extensive and touched upon every conceivable factor which might be considered. Custody matters are addressed to the discretion of the trial court. "Our function is limited to ensuring that the trial court, in making its decision, evaluated all relevant considerations" (*McIntosh v McIntosh,* 87 AD2d 968, citing *Matter of Richards v Richards,* 78 AD2d 943, and *Matter of Saunders v Saunders,* 60 AD2d 701). In our opinion, Family Court did so. ¶ Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.