■ In the Matter of JANET VAN LOAN, Appellant, v DANNY J. DILLENBECK, Respondent. — Mikoll, J. Appeal from an order of the Family Court of Montgomery County (Catena, J.), entered April 5, 1984, which awarded permanent custody of the parties' child to respondent.

Petitioner seeks visitation and custody of her daughter Marie, who has been residing with respondent since July 28, 1982 by order of the Otsego County Family Court which awarded temporary custody to respondent. Following a hearing in the Montgomery County Family Court, permanent custody was awarded to respondent with visitation privileges accorded to petitioner. Petitioner seeks reversal of the grant of permanent custody of her daughter to respondent, contending that Family Court erred in ordering a change of custody in contravention of the voluntary separation agreement reached on this issue by the parties and absent a finding that petitioner is less fit than respondent.

In determining questions of child custody, a court must consider what is in the best interest of the child (*see, Eschbach v Eschbach,* 56 NY2d 167, 171). Domestic Relations Law § 240 (1) provides, in relevant part, as follows: "In any action or proceeding brought * * * to obtain, by a writ of habeas corpus or by petition and order to show cause, the custody of or right to visitation with any child of a marriage, the court must give such direction, between the parties, for the custody, care, education and maintenance of any child of the parties, as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties and to the best interests of the child. *In all cases there shall be no prima facie right to the custody of the child in either parent"* (emphasis supplied).

A voluntary agreement between the parties regarding custody is but one factor to be weighed by a court in deciding whether a change in custody is warranted (*Eschbach v Eschbach, supra,* p 171). Where, as here, the agreement is incorporated in the final divorce decree without the benefit of a full plenary trial, it will be given less weight than a decision reached after a full hearing (*see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 94-95). We conclude, therefore, that Family Court applied the correct test in the instant proceeding and a finding that petitioner was the less fit parent was not required.

Petitioner also urges that Family Court erred in its evaluation of the totality of circumstances in determining the best interest of the child. Custody issues rest in the sound discretion of the trial court and our review is limited to ensuring that Family Court has evaluated all relevant considerations (*see, Hendery v Hendery,* 101 AD2d 619, 620). The record discloses that, since coming to live with respondent, the child has continued to develop well, improved in her schoolwork and displayed a cheerful and satisfied demeanor. This was properly determined by Family Court to be attributable to the stability of the present custodial circumstances. The present arrangement is in sharp contrast to the not so wholesome circumstances of life provided her in the past by petitioner. In declining to change custody, Family Court did not abuse its discretionary powers.

We find no merit to petitioner's remaining contentions.

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.