■ GERALD BURKE, Appellant, v CLARE K. BURKE, Respondent.—Per Curiam. Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered February 6, 1985 in Albany County, which, *inter alia,* reaffirmed that portion of a prior order awarding defendant counsel fees of $2,000.

In November 1981, plaintiff and defendant were granted a dual judgment of divorce on the ground of cruel and inhuman treatment. In the announcement of the decision, Trial Term deferred determination of the demand for counsel fees and directed that the demand be made by motion, with notice. Defendant made the motion and requested $6,000 in counsel fees; plaintiff opposed the motion on the grounds that defendant failed to supply an adequate financial affidavit, that defendant and her attorney failed to disclose their fee arrangements, and that defendant was not entitled to an award of counsel fees since she had not shown that she was indigent. The motion was granted to the extent that defendant was awarded $2,000. Plaintiff appeals.

On this appeal, plaintiff contends that defendant failed to substantially comply with this court's rules regarding motions for counsel fees in matrimonial actions. We disagree. The rules of this court require that a motion for counsel fees be accompanied by a proper affidavit (22 NYCRR former 863.4 [a] [rescinded eff Jan. 6, 1986]). The affidavit must be in substantial compliance with the statement of net worth form set out in 22 NYCRR 117.2. The form previously used was superseded about three months prior to defendant's motion by a longer form, designed by the Office of Court Administration. A preferable practice would be to use a form identical to the one promulgated in the rules. Indeed, deviation from the official form will not be liberally tolerated. The rule does not, however, designate a sanction to be imposed for noncompliance.

It would appear, therefore, that noncompliance should be dealt with on a case-by-case basis. In so doing, we first observe that the rule was designed primarily, if not completely, to pertain to motions made prior to judgment. In this case, a judgment was granted upon a complaint which demanded counsel fees. Resolution of that issue was deferred to a future time. However, there had been a three-day trial in which there was testimony regarding the net worth and income of the parties. The Supreme Court Justice who had previously presided at the trial also heard and determined the motion for

counsel fees. He stated that he had all the information that he needed to exercise his discretion. There is nothing in the record that would indicate otherwise. Here, the new form had been in effect less than three months when defendant filed her affidavit. Her affidavit and attachments thereto set out substantially all the information required by 22 NYCRR 117.2 and the new form. Accordingly, it was within the discretion of the Trial Judge, who presided over both the divorce action and the motion for counsel fees, to find that the information provided both during trial and by further affidavit was adequate for his determination.

Plaintiff further contends that defendant's attorney failed to provide an adequate affidavit regarding defendant's retainer arrangements with her attorneys. We find that the affidavit submitted by defendant's trial counsel was sufficient to meet the requirements of 22 NYCRR 863.4 (b). The record reflects that counsel fees for defendant's substituted counsel were the only fees allowed defendant during the course of the litigation.

Finally, plaintiff's argument that a party must be indigent to be entitled to counsel fees in a matrimonial action is contrary to this court's holding in *Walsh v Walsh* (92 AD2d 345). Accordingly, this argument is without merit.

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.