■ In the Matter of FRANK L. EASTMAN, Respondent, v

JOANNE DRENNEN, Appellant.—Mikoll, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered August 6, 1985, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' two children.

In a long and extensive hearing on the issue of permanent custody of the parties' two children, it was revealed that petitioner and respondent had a tumultuous relationship, which, after it was abrogated, spilled over into fierce competition for the affection and control of the children. This was particularly true of respondent who, Family Court found, blocked the exercise of visitation rights by petitioner in a variety of ways and on flimsy grounds. The crucial aspect of the case, focused on by the court, involved the lengths to which respondent was willing to go to cut off petitioner's relationship with his children. This case has had a long and checkered history of custody and visitation petitions and cross petitions. This proceeding represents, however, the first judicial resolution after a full hearing on the issue of permanent custody.

As was observed by Family Court in a long and thoughtful decision, both parties demonstrated sincere affection for their children. Respondent was the primary custodian of the children from their birth. While the children were in her care, she adequately attended to all their basic needs. She involved them in a Head Start program to which she contributed substantial amounts of time and effort. Petitioner was a caring father. The children demonstrated affection for both parents. It was, however, respondent's unrelenting antipathy to petitioner and the havoc this attitude wrought on her children's lives which became the focal point of the case. The most dramatic instance of respondent's interference with petitioner's visitation rights revolved around a child abuse accusation respondent initiated against petitioner in September 1984. The validity of the accusation was discounted by medical and police authorities. It thus became dormant until resurrected by respondent in March 1985. As a result thereof, respondent's four-year-old daughter was subjected again to invasive and traumatic physical examination and questioning. Family Court, in its own determination of the matter, found that neither accusation had any basis in fact.

Indicative of respondent's inability to properly fulfill her role as custodian of her children is the continued immature and inappropriate behavior she manifested during supervised visitation with her children and during counseling sessions.

She knew that she was under scrutiny and was still unable to modify her behavior in regard to her antagonism towards petitioner and the resultant negative effect which this has had on her children. During the time the children have been living with petitioner, they have adjusted well and appear to be happy. Petitioner has been cooperative and understanding in according respondent visitation rights and in making necessary adjustments. The emotional conflicts have subsided between petitioner and respondent. Petitioner also is better equipped financially to provide for them.

Respondent contends that Family Court's decision does not have a sound basis and should be reversed. We disagree. Domestic Relations Law § 240 (1) sets forth the criteria to be addressed in deciding custody. As was stated by the Court of Appeals in *Eschbach v Eschbach* (56 NY2d 167, 171), "[a]ny court in considering questions of child custody must make every effort to determine 'what is for the best interest of the child, and what will best promote its welfare and happiness' ". There are a number of factors to be considered by the court. No single factor is determinative and the omission of a factor is not dispositive on appeal. The totality of the circumstances must be considered by the court *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-94).

This court must limit its review to " 'ensuring that the trial court, in making its decision, evaluated all relevant considerations' " *(Hendery v Hendery,* 101 AD2d 619, 620, quoting *McIntosh v McIntosh,* 87 AD2d 968). The decision must also have a sound and substantial basis in the record *(Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76). We conclude that Family Court's decision is adequately supported by the record. Though, as to many factors, the balance is even between the parties and the longevity of respondent's custody obviously preponderates in her favor, her immaturity gravely reflects on her ability to handle the emotional development of the children. It is this factor, together with the stability of petitioner's home, which gives the likeliest assurance that the best interests of the children are served by awarding custody to petitioner.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.