■ In the Matter of COLLEEN A. BURKE, Respondent, v WIL-

LIAM M. WHITE, JR., Appellant.—Harvey, J. Appeal from an order of the Family Court of Saratoga County (Doran, J.), entered December 5, 1985, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, directed respondent to pay $15,000 per year for maintenance and support of petitioner and $7,500 per year for support of their child, and granted petitioner custody of the child.

Petitioner and respondent allegedly entered into a common-law marriage in Colorado in February 1976. The only child of the marriage was born in late 1976. They subsequently separated and, in November 1981, petitioner commenced this proceeding seeking child and spousal support, as well as custody of the child. Respondent asserted that Colorado did not recognize common-law marriages in 1976 and thus he was not married and not responsible for spousal support. He further sought joint custody or, in the alternative, sole custody of the child. The trial of the matter, in which evidence was heard for 23 days, commenced in April 1983 and ended in June 1983.

After trial, but before rendering its decision, Family Court had to resolve numerous disputes regarding the parties' alleged harassment of each other, petitions for psychiatric examinations and visitation rights. Additionally, the Law Guardian who had been appointed for the child submitted a report, and petitioner and respondent filed memoranda of law with the court. In July 1985, Family Court rendered an exhaustive 24-page decision. The court held that the parties had entered into a valid common-law marriage in Colorado; petitioner was given custody of the parties' son with liberal visitation rights granted to respondent; the court granted petitioner spousal support of $15,000 per year and child support of $7,500; and petitioner was awarded $33,000 in counsel fees. This appeal by respondent ensued.

Respondent contends that the order of spousal support is defective since Family Court did not set forth all the factors of Domestic Relations Law § 236 (B) (6) (a). This proceeding, however, was commenced under Family Court Act article 4. Petitioner sought an order of support without any matrimonial action pending. Although the court is required in a proceeding under Family Court Act article 4 to provide a reasoned analysis for its decision, it is not required to articulate on the record an analysis of each of the factors set forth in Domestic Relations Law § 236 (B) (6) (a) *(Byrum v Byrum,*

110 Misc 2d 628; *see, Matter of Ives v Ives,* 105 AD2d 527, *lv denied* 64 NY2d 610).

The record demonstrates that Family Court had before it detailed information regarding the financial status of each party. Indeed, the court heard several days of testimony about the parties' finances and received numerous documents relative to that issue. There was evidence that respondent had considerable wealth, whereas petitioner was earning a modest annual income and had incurred significant debts. The court was fully cognizant of the duration of the marriage. Evidence of the educational background and potential earning capacity of petitioner was fully explored. The court's summary of the parties' standard of living as "on a scale of at least $125,000 a year" is fully supported by the record. The record further indicates that petitioner made significant contributions to the marriage as a spouse and parent. Additionally, she provided expertise to the parties' business ventures and served as a political advisor to respondent. We conclude that these facts, along with the abundance of other evidence produced at trial, fully support the court's award of spousal support.

Respondent next argues that the award of counsel fees is not adequately supported by the record. We cannot agree. Family Court Act § 438 authorizes the court to allow counsel fees at any stage of a support proceeding. Here, petitioner submitted an affidavit in support of her motion which detailed her legal costs; she testified extensively as to her litigation costs; and the court was fully informed on the financial status of the parties. Much additional time and expense of the litigation can be attributed to respondent's attempt to avoid spousal support obligations by asserting that no valid marriage ever existed, an issue he has not pursued on appeal *(cf. Fabrikant v Fabrikant,* 19 NY2d 154). Although petitioner's application for counsel fees was not in exact compliance with the then applicable court rules *(see,* 22 NYCRR former 863.4), this failure does not mandate reversal of the award *(cf. Burke v Burke,* 118 AD2d 1022), particularly where, as here, respondent has not objected to petitioner's failure to strictly comply with the then pertinent court rules. We conclude that Family Court did not abuse its discretion in awarding petitioner counsel fees *(see, Matter of Sooy v Sooy,* 101 AD2d 287, 291, *affd sub nom. Matter of Louise E. S. v W. Stephens S.,* 64 NY2d 946).

Respondent asserts that the delay by Family Court in rendering its decision caused him "unconscionable hardship". Delay in rendering a decision is not grounds for a new trial

*(Thayer v Blando,* 40 AD2d 886). Further, the fact that the order was made retroactive is in harmony with Family Court Act § 440 (1) and § 449. Hence, we find respondent's argument on this issue meritless.

Next, respondent contends that Family Court erred in failing to award joint custody of the parties' child. When Family Court has evaluated all relevant considerations and its decision is justified by the evidence before it, this court is reluctant to substitute its evaluation for that of the trial court *(Matter of Estes v Estes,* 112 AD2d 568; *Matter of Van Loan v Dillenbeck,* 108 AD2d 1071, 1072, *lv denied sub nom. Janet V. v Danny J. D.,* 65 NY2d 607). Family Court reviewed at great length the history of the parties and concluded that "there is very little, if anything, that [petitioner and respondent] can agree upon without Court intervention". This conclusion is consistent with the evidence in the record and, under such circumstances, we see no reason to disturb the court's finding that joint custody would not be in the best interest of the child *(see, Matter of Sooy v Sooy, supra,* pp 288-289; *see also, Braiman v Braiman,* 44 NY2d 584).

Lastly, we find no merit in respondent's contention that Family Court erroneously based its custody order upon the preference of the parties' six-year-old child. The court specifically stated that the child's preference was not given weight in its determination. The custody order was consistent with the recommendations of the Law Guardian and is supported by the record.

Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur; Levine, J., not taking part.