■ In the Matter of JEAN F. O'SULLIVAN, Appellant, v JOHN J. O'SULLIVAN, Respondent.—Levine, J. Appeal from an order of the Family Court of Albany County (Cardona, J.), entered November 13, 1986, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, and directed respondent to make payments for the support of petitioner and 1 child.

The parties in this proceeding have been married for more than 30 years and have 2 children, John J. O'Sullivan, born September 21, 1961, and Jean A. O'Sullivan, born September 18, 1966. In August 1984, petitioner commenced this proceeding in Family Court for spousal and child support. In 1985 the petition was amended to add a request for payment of educational expenses incurred by the daughter, who had begun attending a private college away from home.

Following a trial on the matter, Family Court ordered respondent to pay petitioner spousal support in the amount of $200 per week for the period from August 7, 1984 to November 1, 1985, and $240 per week after November 1, 1985. Respondent was also ordered to continue petitioner's medical insurance coverage on the plan maintained by his employer. As for child support, respondent was ordered to pay $20 per week from August 7, 1984 until the daughter reaches 21 years of age, and to contribute a total of $6,200 to her college expenses. In addition, respondent was ordered to pay up to $300 per year toward his daughter's medical expenses, as they are incurred. It was further ordered that respondent's arrears resulting from the retroactive order, totaling $10,960, were to be paid in 14 quarterly installments. This appeal by petitioner ensued.

On appeal petitioner contends that she should have been awarded support payments of $600 per week and that Family Court failed to give due regard to some of the factors set forth

in Domestic Relations Law § 236 (B) (6) (a); (7) (a), which govern maintenance and child support awards in a matrimonial action but are properly considered in this context as well (see, Matter of Burke v White, 126 AD2d 838, 839-840). Specifically, petitioner contends that Family Court did not take into account the parties' preseparation standard of living, respondent's pension and fringe benefits, and the tax consequences of the award. Petitioner's contention, however, is belied by the court's decision, in which each one of these considerations is specifically addressed.

As to the claimed inadequacy of the award, the record demonstrates that Family Court had before it detailed information regarding the financial status of each party. The court was also aware of the longevity of the marriage and that petitioner had never worked outside the home. In this regard, Family Court found that although petitioner does not have the capacity to be self-supporting, she is physically able to work part time, a conclusion supported by the testimony of petitioner's own physician. The evidence submitted by petitioner indicated that she had legitimate needs which required $600 per week to maintain her in her preseparation standard of living, and Family Court so found. The evidence also indicated that respondent's gross income, including salary, dividends and tax refunds, presently totaled approximately $57,000 per year and that his net weekly income was roughly $650 per week. According to respondent's financial statement, his own expenses, including rent and related costs for his apartment as well as real estate taxes he paid on the marital residence occupied by petitioner, amounted to $450 per week. In light of the foregoing, there was evidence to support Family Court's determination that respondent was not financially able to pay petitioner the amount required to maintain her preseparation standard of living. Furthermore, in our view, given the respective financial circumstances of the parties and taking into account petitioner's ability to contribute to her own support, Family Court's award is fair and reasonable.

Petitioner also contends that it was an abuse of discretion for Family Court not to order respondent to pay off the arrears in a lump sum. We disagree. Petitioner has made no showing of hardship and it appears that a lump-sum award of $10,960 would have forced respondent to liquidate income-producing assets. Hence, there was no abuse of discretion and the order should be affirmed in all respects.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.