■ In the Matter of MICHELLE MASTROGIACOMO, Appellant, v LEONARD MASTROGIACOMO, Respondent.—In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Auperin, J.), entered December 22, 1987, as denied her objections to an order of the same court (Silverman, H.E.), dated August 27, 1987, which denied that branch of her petition which was for spousal support.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner contends that the Family Court erred by failing to expressly take into consideration the enumerated factors listed in Domestic Relations Law § 236 (B) (6) and thus its denial of her application for spousal support should be reversed. However, Domestic Relations Law § 236 (B) governs the award, *inter alia,* of maintenance in a matrimonial action (Domestic Relations Law § 236 [B] [6]; *see also,* Domestic Relations Law § 236 [B] [2]). The instant action is a support proceeding pursuant to Family Court Act article 4 and in-

volves parties who are still legally married although physically separated. In such a proceeding, while the Family Court may refer to Domestic Relations Law § 236 (B) (6) to reach a determination of the amount of support to be paid *(see, Matter of O'Sullivan v O'Sullivan,* 139 AD2d 872), its failure to do so does not render its determination infirm as a matter of law *(Matter of Burke v White,* 126 AD2d 838; *Byrum v Byrum,* 110 Misc 2d 628).

"Family Court Act § 412 obligates each spouse to support the other 'if possessed of sufficient means or able to earn such means' and provides, as a measure of support, 'a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties'. This requires a delicate balancing of each party's needs and means" *(Polite v Polite,* 127 AD2d 465, 467). Moreover, the husband's support obligation depends on the circumstances of the particular case, including his financial means, and his "need to have money to live on after payments are made", the duration of the marriage and the wife's ability to support herself *(Muscarella v Muscarella,* 93 AD2d 993, 994; *see also, Matter of Bruno v Bruno,* 50 AD2d 701; *Matter of Hahn v Hahn,* 78 Misc 2d 585).

Pursuant to the order of support entered herein, the respondent was required to pay child support in the sum of $1,000 per month for the couple's three children. The petitioner was gainfully employed full time. Indeed, her net income, which combined with the support payments to the children who are in her custody in the marital home is approximately $25,000 per year, greatly exceeded the respondent's net income. The petitioner failed to establish that that sum was insufficient to provide for her reasonable needs and those of her children. Since it cannot be said that the Family Court did not fairly balance the parties' circumstances, we find no reason to disturb its determination.

We have examined the petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.