■ CAROLYN R. STEFANI, Respondent, v SERGIO STEFANI, Appellant.—In an action to enforce certain provisions of a separation agreement, the defendant husband appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), entered July 11, 1988, which, inter alia, awarded the plaintiff wife the principal sum of $21,449 plus interest from the date of commencement of the action as reimbursement for her payment of certain college expenses which the defendant allegedly owed pursuant to the separation agreement.

Ordered that the judgment is modified, by (1) deleting the provision thereof which awarded the plaintiff prejudgment and postjudgment interest on the $21,449, from the date of the commencement of the action, and by substituting therefor a provision denying the plaintiff interest on the principal sum of $21,449, and (2) adding a provision that the $21,449 is to be paid from the defendant's share of the proceeds of the sale of the marital residence when it is sold; as so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff and defendant were married in September 1960. The marriage produced three children. In July 1978 the parties entered into a separation agreement, which survived and was not merged in the judgment of divorce issued in October 1978. The separation agreement provided that if the defendant was "financially able", he would pay, in addition to alimony and child support, the reasonable college expense of the parties' children.

It is well established that absent special circumstances or a voluntary agreement, the furnishing of a private school college education to a minor child is not regarded as a necessary expense which a parent is obligated to pay (see, Kaplan v Wallshein, 57 AD2d 828; Tannenbaum v Tannenbaum, 50 AD2d 539; Matter of Hawley v Doucette, 43 AD2d 713). In the case at bar, however, we are dealing with an enforceable voluntary agreement (see, Maclay v Maclay, 99 AD2d 629).

At the trial, it was established that while the parties' two sons were in college, the defendant's annual income ranged between $23,000 (net) and $45,000 (gross), and that the plaintiff's income was substantially less. During that period of time,

the defendant also made alimony and support payments ranging between $4,000 and $10,000 per year. On the basis of this record, we cannot say that the trial court improvidently exercised its discretion in finding the defendant financially able to reimburse the plaintiff for college costs of $21,499 incurred over a period of six years. Although the plaintiff applied for various types of financial aid, she was required to contribute the amount that the College Scholarship Service determined she could afford. Moreover, pursuant to article XI of the separation agreement, the husband agreed that "his share of the proceeds of sale from the marital abode shall be used to pay for the reasonable college expenses of the children, if any".

Accordingly, we find that the court correctly awarded the plaintiff judgment to recompense her for college expenses that the defendant was obligated to pay. However, in light of the fact that the defendant's obligation was, pursuant to the terms of the separation agreement, contingent upon his ability to pay, we may, in the exercise of our discretion, find that the award of interest on the principal sum would be unduly burdensome to the defendant in light of his lack of substantial liquid assets (cf., Matter of Mastrogiacomo v Mastrogiacomo, 149 AD2d 708). Thus, we have modified the judgment to deny the plaintiff interest and to defer the defendant's repayment obligation until such time as the marital residence is sold.

Finally, as the plaintiff has not cross-appealed, we do not reach her claims regarding retroactive reimbursement for her daughter's expenses. Lawrence, J. P., Eiber, Rosenblatt and Miller, JJ., concur.