SECOND DEPARTMENT, OCTOBER, 1992

(October 5, 1992)

■ KATHLEEN ACKERMANN, Respondent, v JOHN ACKERMANN, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Suffolk County (Friedenberg, J.H.O.), entered May 14, 1990, as, after a hearing, directed him to pay the plaintiff's counsel fees in the amount of $4,500.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The hearing court gave proper consideration to the necessary factors in arriving at its decision that the defendant should pay his wife's attorneys' fees, and the award of $4,500 was in all respects proper (see, Burke v Burke, 118 AD2d 1022; Ahern v Ahern, 94 AD2d 53; Mattana v Mattana, 79 AD2d 702). Thompson, J. P., Harwood, Balletta, Rosenblatt and Eiber, JJ., concur.

■ MERCEDES BECKER, Respondent, v RICHARD BECKER, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated April 25, 1990, the defendant appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated November 26, 1991, which, inter alia, denied his motion for appointment of a receiver to sell the former marital residence to him.

Ordered that the appeal from so much of the order as denied the motion for appointment of a receiver to sell the former marital residence to him is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The husband's claim that the Supreme Court erred in denying his motion for appointment of a receiver to sell the former marital residence to him was rendered academic by the conveyance of the wife's interest in the property to the husband in May 1992.

We have reviewed the husband's remaining contentions and conclude that they are without merit. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.