■ In the Matter of DEBRA HOLT, Respondent, v JACK J. HOLT, Appellant. [650 NYS2d 595] —In a support proceeding pursuant to Family Court Act article 4, the husband appeals from so much of an order of the Family Court, Suffolk County (Trainor, J.), dated November 2, 1995, as denied his objections to that branch of an order of the same court (Goglas, H.E.), dated July 18, 1995, which granted the wife's application for spousal support.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the husband's contentions, the Family Court's failure to expressly consider all of the factors listed in Domestic Relations Law § 236 (B) (6) does not render the spousal support award invalid as a matter of law inasmuch as the award was made pursuant to Family Court Act § 412 (see, Matter of Mastrogiacomo v Mastrogiacomo, 149 AD2d 708; Matter of Burke v White, 126 AD2d 838). Considering the circumstances of the parties, including their respective needs and resources, we conclude that the Family Court's award of spousal support was appropriate (see, Polite v Polite, 127 AD2d 465; Matter of Burke v White, supra; cf., Matter of Mastrogiacomo v Mastrogiacomo, supra). Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.

■ In the Matter of DANIEL C. HOWARD, Appellant, v CHRISTINE J. LEWIS FULLERTON, Respondent. [650 NYS2d 607] —In consolidated proceedings pursuant to Family Court Act article 6 to modify a custody order of a Florida court, the Law Guardian for the child appeals from an order of the Family Court, Westchester County (Tolbert, J.), dated May 17, 1996, which denied a motion of the father, in which the Law Guardian joined, to vacate an order of the same court, dated July 28, 1995, which relinquished jurisdiction of the matter in favor of a Florida court.

Ordered that the order is affirmed, without costs or disbursements.

At issue in these proceedings is whether a custody order entered by a Florida court should be modified. The mother still resides in Florida. The Family Court, after conferring with the Florida court, deferred jurisdiction over the parties' dispute to the Florida court. There is no basis in the record to disturb that determination (see, 28 USC § 1738A [f]; Matter of Jackson-Ordia v Ordia, 224 AD2d 529; Capobiano v Willis, 171 AD2d 834; Matter of Tenenbaum v Sprecher, 133 AD2d 371; Enslein v Enslein, 112 AD2d 973). Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.