■ In the Matter of NATASHA KAZIM, Appellant, v SALMAN KAZIM, Respondent. [696 NYS2d 268] —Mugglin, J. Appeal from that part of an order of the Family Court of Albany County (Tobin, J.), entered May 15, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an award of spousal support.

The following facts were established at the hearing on petitioner's application for child and spousal support. Petitioner and respondent were married on March 31, 1988 in Pakistan. Two children, Farrukh and Komal, were born of this marriage. The parties emigrated to the United States in August 1991. From 1991 until 1996, petitioner and respondent cohabited occasionally, usually not for periods of time longer than six

months. During these years, both petitioner and respondent returned to their homeland of Pakistan for various reasons. Throughout these years, petitioner remained the main caretaker for the children and she was not employed outside the home from the period of 1991 until 1997. Finally, in 1996, petitioner returned to the United States to renew her green card and, according to petitioner, to remain with respondent. However, this arrangement did not work out and petitioner commenced this child and spousal support proceeding pursuant to Family Court Act article 4. Thereafter, in January 1998, respondent filed for divorce in Maine.

After the hearing, the Hearing Examiner ordered respondent to pay $2,457.36 per month in child support and $866 per month in spousal support. Respondent then filed specific written objections to the Hearing Examiner's determination. The Hearing Examiner's findings were sustained by Family Court and respondent appeals.

In his brief, respondent urges three grounds for vacating the award of spousal support. First, respondent asserts that the award of spousal support constituted an abuse of discretion under the circumstances and should therefore be vacated. Second, he asserts that the Hearing Examiner erred in failing to consider marital fault in determining whether an award of spousal support was appropriate. Third, respondent alleges that Family Court failed to set forth findings of fact and failed to adequately set forth the factors it considered and the reasons for its award of spousal support.

First, this Court recognizes that under Family Court Act § 412, "[a] married person is chargeable with the support of his or her spouse and, if possessed of sufficient means * * * may be required to pay for his or her support a fair and reasonable sum". In her findings of fact, the Hearing Examiner determined that petitioner makes less than $20,000 a year as a bank teller. In contrast, respondent is an independent contractor for Liberty Healthcare Corporation and makes approximately $11,666 per month. Respondent asserts in his brief that the Hearing Examiner did not properly consider the predivorce standard of living. Specifically, he argues that since *Hartog v Hartog* (85 NY2d 36, 50) requires a court to consider the predivorce standard of living, and since his salary was only $38,000 annually while he was a medical resident in the predivorce period, it was error to consider his salary of $140,000 as a psychiatrist, postdivorce, in determining spousal support.

Contrary to the position of respondent, Family Court clearly considered the parties' predivorce standard of living in reach-

ing its determination. Further, Family Court's consideration of the present and future earning capacity of both parties was proper on the issue of spousal support (see, Domestic Relations Law § 236 [B] [6] [a] [3]; see also, Hartog v Hartog, supra, at 52).

Respondent's contention that the Hearing Examiner erred in failing to consider marital fault in determining an appropriate award of spousal support is without merit. First, marital fault is only a factor that may be considered under the catch-all provision of Domestic Relations Law § 236 (B) (6) (a) (11) (see, Melnik v Melnik, 118 AD2d 902, 903). Furthermore, even if the marital fault alleged by respondent were to be considered here, it fails to meet the standard of egregious conduct which would have any compelling impact on an award (see, Stevens v Stevens, 107 AD2d 987, 988).

In making an award of spousal support, Family Court's decision must set forth the factors it considered and the reason for its decision (see, Domestic Relations Law § 236 [B] [6] [b]; Conti v Conti, 199 AD2d 985, 986). In her findings of fact, the Hearing Examiner referred to the statutory factors which she considered and adequately discussed her reasons for finding as she did. Although the court must provide a reasoned analysis for its decision, the court need not articulate on the record an analysis of each of the factors set forth in Domestic Relations Law § 236 (B) (6), but only those factors which it considered (see, Matter of Burke v White, 126 AD2d 838, 839). The failure of the Hearing Examiner to analyze each of the factors set forth in Domestic Relations Law § 236 (B) (6) (a) does not, by itself, warrant modification of the award (see, Hartog v Hartog, supra, at 51).

When the trier of fact has evaluated all relevant considerations and its decision seems justified by the evidence before it, this Court has been reluctant to substitute its evaluation for that of the trial court (see, Matter of Burke v White, supra, at 841).

Accordingly, Family Court's order is affirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.