MARY MACFADDEN, Plaintiff, *v.* BERNARR MACFADDEN, Defendant.

Supreme Court, Special Term, New York County, November 24, 1939.

*Garfield & Seligson* [*Maurice V. Seligson* of counsel], for the plaintiff.

*Mayer C. Goldman,* for the defendant.

HAMMER, J. This is a motion for summary judgment. The plaintiff herein is the wife of the defendant and sues to recover certain moneys allegedly spent for necessaries for two minor children of the parties. The greater part of the expenditures made by the plaintiff was to pay for the tuition and schooling of the two children in private school, and the question presented is whether an education in a private school may be deemed a necessary. There is no question as to the defendant's ability to pay for the tuition of his children in a private school, as he admits having ample means. The defense urged by the defendant that the plaintiff is precluded from recovering in this action by reason of the terms of a separation agreement entered into between the parties is without merit. As paragraph eleventh must be read in conjunction with paragraph

twelfth of the separation agreement, and the latter paragraph restricts the plaintiff " only so long as the conditions of this agreement are complied with by the party of the first part," and since she alleges that the defendant has failed in his obligation to support the issue, it appears that the steps taken are proper.  The question of what are necessaries cannot be and should not be fixed by any hard and fast rule.  There is no question but that " the child is entitled to the support and maintenance by its father.  If the father fails to support his child and furnish the necessaries to keep it alive, that is, fail and refuse to give it a home, food and clothing, education and medical attendance, these may be furnished by others, even a stranger to the family, and he will be held liable for it." (*Laumeier* v. *Laumeier*, 237 N. Y. 357, 364.)  The fact that these requisites are furnished by the mother of the child should not preclude her having the same rights as a stranger.  " The term ' necessaries,' as used in the law relating to the liability of infants therefor, is a relative term  *  *  *  and depends on the social position and situation in life of the infant, as well as upon his own fortune and that of his parents." (31 C. J. 1077.)  In the instant case, as has been noted, the defendant is a man of means. Furthermore, he acquiesced in the initial year's attendance of his two children at a private school.  " The best interests of the ward are to be subserved at all times " (*Matter of Lapides*, 144 Misc. 19, 26), and it seems that, considering the background of the children of the parties hereto, their interests were best served by their attendance at a private school.  Neither defendant's written provision nor his insistence that they attend a school owned or controlled by him is sufficient to exculpate him from liability, as he agreed with plaintiff that the children cease attendance there and receive tuition at the school to which plaintiff has sent them.  Under the circumstances he is liable to the plaintiff, who made the questioned expenditures.  The mere fact that the defendant established a trust fund for the infants does not in and of itself discharge him of liability for their necessaries when the moneys are not expended therefrom for such necessaries.  There appear to be questions existing between the parties as to certain other expenditures, and the matter of the amounts expended by the plaintiff for necessaries cannot be summarily disposed of.

A reference will be directed to hear and report as to the amounts due by the defendant to the plaintiff, and, pending the coming in of the referee's report, the decision will be held in abeyance.  Settle order directing the appointment of D. Robert Kaplan, No. 270 Broadway, New York city, referee to hear and report.