■ FLORENCE TESSLER, Respondent, v JERRY SIEGEL, Appellant. ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Intervenor.—Order, Family Court, New York County, entered June 17, 1977, granting to petitioner mother an award of $55 per week for the care of the parties' infant daughter, unanimously reversed, on the law, without costs and without disbursements, and remanded for further proceedings at which petitioner's financial status will be examined. This is a child support proceeding brought pursuant to article 4 of the Family Court Act. The court entered an order granting the mother petitioner an award of $55 a week for the care of the parties' infant daughter. The award was predicated upon the court's finding that payment for support would rest solely on the father appellant. The motion to have respondent examined as to her financial condition was denied on the grounds that the mother's means are irrelevant. Appellant now attacks the court's ruling on the grounds that sections 413 and 414 of the Family Court Act as well as section 32 of the Domestic Relations Law are constitutionally offensive in that said statutes impermissibly classify persons on the basis of gender in violation of the equal protection clause of the Fourteenth Amendment. The record clearly shows that the Family Court ignored section 32 of the Domestic Relations Law and predicated its order solely upon section 413 of the Family Court Act. In a very recent decision *(Matter of Carter v Carter,* 58 AD2d 438), the Second Department was presented with the exact question of law the appellant presents here. In an extensive and well-reasoned opinion, the court refused to declare sections 413 and 414 of the Family Court Act unconstitutional on equal protection grounds and instead, read the sections together (p 447). "Our construction of

sections 413 and 414 of the Family Court Act as permitting that court to apportion the costs of support of a child between its parents according to their respective means and responsibilities, even when it appears that the father is fully capable of supporting the child out of his own means, reconciles them with section 240 of the Domestic Relations Law, which deals with the custody and maintenance of children and provides that in any action to annul a marriage or for a separation or a divorce the court must give direction for the custody, care, education and maintenance of any child of the parties and that: 'such direction may make provision for the education and maintenance of such child out of the property of either *or both of its parents.*' " It appears to us that the Legislature intended not to bestow a one-sided obligation on any one of the parties and anticipated that there would be an evaluation of the means and responsibilities of the parties and that the court would thereupon, exercising its discretion, apportion the responsibility evenhandedly. Concur—Kupferman, J. P., Silverman, Evans and Capozzoli, JJ.