■ In the Matter of BARBARA S. MILLER, Respondent, v JONATHAN S. MILLER, Appellant.—Order, Supreme Court, New York County, entered September 29, 1977, which granted plaintiff temporary child support of $100 per week commencing June 30, 1977, plus expenses for the infant child's education, medical bills and telephone, unanimously reversed, on the law, and on the facts, without costs and without disbursements, to the extent appealed from, by vacating the second decretal paragraph which directs defendant to pay $100 per week for temporary child support. Under sections 413 and 414 of the Family Court Act "both the father and the mother are equally responsible for the support of their children and * * * it is within the power of the * * * Court, and it is its duty, to apportion the costs of such support between them in accordance with their respective means and responsibilities, without regard to the sex of the parent" *(Matter of Carter v Carter,* 58 AD2d 438, 447; *Tessler v Siegel,* 59 AD2d 846). Since plaintiff's income for the past several years exceeded that of defendant and her assets are much greater, it is clear that the award of child support on this record was based on the erroneous assumption that the father is primarily obligated to support the children. The older of the parties' two children resides with defendant and he is paying all of her expenses. The younger resides with plaintiff and defendant is voluntarily paying her telephone, educational and medical bills. Under these circumstances, the mandate of a fair apportionment of child support requires vacatur of the decretal paragraph of the order which directs defendant to pay $100 per week for temporary child support. Concur—Lupiano, J. P., Birns, Lane, Sandler and Sullivan, JJ.

■ In the Matter of the Arbitration between MOLINO E. PASTIFICIO DI PONTE SAN GIOVANNI, S.P.A., Appellant, and ANDRE & CIE, S.A., Respondent.—Judgment, Supreme Court, New York County, entered on September 9, 1977, unanimously affirmed for the reasons stated by Stecher, J., at Special Term and the respondent shall recover of the appellant $40 costs and disbursements of this appeal. Concur—Silverman, J. P., Evans, Fein and Markewich, JJ.