■ In the Matter of ADAM C., Appellant.—Appeal from an order of the Family Court, Kings County, dated July 23, 1976, which adjudicated appellant a juvenile delinquent and placed him on probation. Order reversed, on the facts, without costs or disbursements, and petition dismissed. The determination of the fact-finding court was against the weight of the evidence. Suozzi, J. P., Cohalan, Margett and Hawkins, JJ., concur.

■ In the Matter of LUCILLE DELLARIPA, Appellant, v JOSEPH DELLARIPA, Respondent.—In a support proceeding pursuant to article 4 of the Family Court Act, the petitioner appeals from an order of the Family Court, Westchester County, dated November 25, 1977, which granted respondent's motion to dismiss the petition. Order reversed, on the law, without costs or disbursements, and motion denied. The Family Court held, as a matter of law, that it had no jurisdiction to consider the support petition of a wife who was not a public charge when it appeared that she was living with her husband and their minor child in the same house. Under section 236 of the Domestic Relations Law, a court may direct support in an appropriate case even when the parties are occupying the same abode. While that section specifically applies to matrimonial actions, it expresses the policy of this State with respect to support orders and may be used by the Family Court in the context of a support proceeding otherwise properly before it *(Matter of Steinberg v Steinberg,* 18 NY2d 492). This court has long held the view that the fact that two parties live under the same roof does not itself preclude the making of a support order (see *Lowenfish v Lowenfish,* 278 App Div 716). While it may ultimately appear that no order of support is warranted in this case, such a determination can only be made after the facts have been developed at a hearing on the merits. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.