■ BARBARA S. COHEN, Respondent, v DAVID M. COHEN, Appellant.—In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Kings County, dated December 6, 1978, which changed the prior arrangement of joint custody, and awarded plaintiff sole custody and child support. Order modified by deleting therefrom the provision awarding plaintiff child support. As so modified, order affirmed with costs to plaintiff and action remitted to Special Term for a hearing and a new determination as to child support in accordance herewith. Pending the new determination, defendant is to pay $50 per week as child support. The plaintiff satisfied the burden required to change the joint custody arrangement to sole custody. The evidence adduced substantiated her position that the best interests of the child would be served by granting her sole custody (see *Matter of Calder v Woolverton,* 50 AD2d 587, affd 39 NY2d 1042). The trial court did not err in failing to ascertain the wishes and desires of the child since he is of tender years (see *Matter of Calder v Woolverton, supra; Matter of Ebert v Ebert,* 38 NY2d 700). However, the court did err in determining the amount

of support without ascertaining the needs of the child. Such a determination is necessary to establish the proper amount of child support. Titone, J. P., O'Connor and Margett, JJ., concur.

Martuscello, J., dissents and votes to reverse the order and deny the application to change custody, with the following memorandum: On September 4, 1967 plaintiff and defendant were married and on February 21, 1970, the sole issue of the marriage, Adam Jesse Cohen, was born. Marital difficulties ensued and, on June 22, 1977, the parties entered into a stipulation of settlement in open court providing for them to have joint custody of Adam, who was to reside with defendant during the week. In a judgment dated August 10, 1977, the parties were divorced with the stipulation of settlement surviving the judgment. Plaintiff has moved to change the custodial arrangement from joint to sole custody. In my view plaintiff did not establish that the best interests of Adam warrant a change in custody. The record shows that while Adam has been in the care of the defendant he has been well provided for and has excelled in school. That defendant failed on a few occasions to pick up Adam from plaintiff at the agreed time does not warrant a change in the previously agreed-to custody arrangement. Moreover, there is no indication that Adam, a precocious child, desires a change in the current arrangement of spending weekdays with defendant and weekends with plaintiff. Accordingly, I vote to reverse the order and deny plaintiff's application.