■ STEPHEN R. DAVIS, Appellant-Respondent, v ROCHELLE DAVIS, Respondent-Appellant.—In a matrimonial action, (1) the parties cross-appeal from stated portions of a judgment of the Supreme Court, Nassau County, entered October 12, 1979, which, *inter alia,* (a) awarded the defendant wife (i) child support in the sum of $100 per week per child, (ii) $1,890 in alimony and child support arrears under a *pendente lite* order, and (iii) a $2,500 counsel fee, (b) found the defendant wife guilty of adultery and cruel and inhuman treatment, (c) dismissed defendant's counterclaim for divorce on the ground of cruel and inhuman treatment, and (d) failed to award defendant alimony; and (2) the plaintiff husband further appeals from so much of (a) an order of the same court, dated December 21, 1979, as denied his motion to resettle a prior order dated November 19, 1979 so as to reduce the amount of unpaid child support which accrued under the judgment of divorce, and (b) a second order of the same court, dated December 11, 1979, as awarded defendant a $750 counsel fee on the instant appeal. Judgment modified, on the law and the facts, by deleting the fourth and seventh decretal paragraphs thereof. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for a hearing to determine the needs of the children and the abilities of both parties to contribute to the satisfaction of

same, and to determine the question of arrears in child support only. Pending the new determination, plaintiff is to continue making child support payments in accordance with the order of this court dated November 19, 1979. Appeal from the order dated December 21, 1979 dismissed as academic, without costs or disbursements, in light of our disposition of plaintiff's appeal from the child support provision of the judgment. Order dated December 11, 1979, reversed insofar as appealed from, without costs or disbursements, the provision granting defendant a counsel fee is deleted therefrom and the matter is remitted to the Supreme Court, Nassau County, for a determination of the counsel fee to which defendant is entitled on this appeal. The record before this court amply supports the grant of a divorce to plaintiff upon the grounds stated, the trial court's dismissal of defendant's counterclaim, and its denial of alimony to her. With respect to the award of child support, the record contains a paucity of evidence of the needs of the children of the marriage. Upon such a bare record, we cannot sustain the award of child support and accordingly we remit the case for a full hearing upon that question (see *Cohen v Cohen,* 70 AD2d 925; *Matter of Blitzer v Blitzer,* 46 AD2d 858; *Matter of Miller v Miller,* 61 AD2d 774; *Matter of Carter v Carter,* 58 AD2d 438). The award to defendant of $1,890 in arrears was made without reference to how much of that sum, if any, was attributable to arrears in alimony, a sum to which the defendant disentitled herself by reason of her misconduct (see Domestic Relations Law, § 236). Defendant is, of course, entitled to so much of that award as may be attributable to child support, and we remand for these determinations to be made at the same time that a determination is made as to prospective child support. The record, as it appears before this court, is insufficient to support the award of a counsel fee on this appeal. Titone, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.