■ RONALD F. MATTANA, Respondent-Appellant, v DIANE L. MATTANA, Appellant-Respondent.—In a divorce action, the parties cross-appeal from stated portions of a judgment of the Supreme Court, Nassau County, dated April 20, 1979, which, inter alia, awarded plaintiff a divorce, denied defendant exclusive occupancy of the marital home, directed that plaintiff pay arrears due under a prior Family Court order and awarded counsel fees to the defendant encompassing services rendered by her attorney in courts other than the Supreme Court. Judgment modified, on the law, by deleting the sixth and eighth decretal paragraphs thereof. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remanded to Trial Term for further proceedings consistent herewith. The counsel fee award of $10,000 erroneously included the value of services rendered by defendant's counsel in Family Court proceedings (see Murena v Murena, 75 AD2d 640). It also, apparently, erroneously included services rendered in the Civil Court (Small Claims Part) and Appellate Term in defense of an action instituted by plaintiff's father. The matter is remanded to Trial Term to determine the amount by which the counsel fee award must be diminished by exclusion of the value of such services. Since the court properly awarded a divorce to the plaintiff husband on the ground of cruel and inhuman treatment, following a jury verdict in his favor, it was error to grant judgment to the defendant as to the arrears due her under an outstanding Family Court order of support (see Davis v Davis, 77 AD2d 890; Galietti v Galietti, 75 AD2d 613; Matter of Mammon v Mammon, 54 AD2d 762). Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.

■ MORAL SIX CORPORATION et al., Appellants, v MARGOLD ASSOCIATES CO. et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for breach of a contract for the sale of land, plaintiffs appeal from an order of the Supreme Court, Rockland County, entered September 25, 1979, which denied their motion for partial summary judgment. Order reversed, on the law, with $50 costs and disbursements, plaintiffs' motion granted and matter remanded to Special Term for an assessment of damages as to the third cause of action. The findings of fact by Special Term that defendants were aware of the existence of a violation when the contract was executed and nevertheless represented that there were no violations, and that the subject violation has not been corrected to the satisfaction of the Building Department of the Town of Blooming Grove, are supported by the record. Evidence that defendants reasonably believed the violation to have been corrected is insufficient to defeat plaintiffs' motion for partial summary judgment (see Brisbane v Parsons, 33 NY 332). Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.