■ Ozie Polite, Respondent-Appellant, v Robert Polite, Appellant-Respondent.—Order, Family Court, New York County (Mortimer Getzels, J.), entered December 9, 1985, directing respondent Robert Polite to pay weekly child support of $275, plus $25 per week for arrears, awarded petitioner $2,500 counsel fees and denied her request for support, unanimously modified, on the law and on the facts, only to the extent of granting petitioner's application for her support and directing respondent to pay her weekly support of $100, and otherwise affirmed, without costs or disbursements.

The parties were married on July 9, 1977. They have one daughter, Christianna, born June 6, 1978. After separating in July 1984, petitioner brought this proceeding to obtain support for herself and her child and an order of protection.

Respondent had been a licensed chief engineer in the Merchant Marine for 15 years. Although qualified on both steam- and diesel-powered ships, he sailed only as a first, second or third engineer and his adjusted gross income was $73,301.36 in 1980, $97,862.44 in 1981, $85,382.50 in 1982, $107,718.14 in 1983 and $51,377 in 1984. He held a permanent position as engineer on Trinidad Oil Company vessels from 1979 to 1983, but was terminated because of fleet reductions. For a one-year period, from July 1983 to July 1984, he was employed as a stationary engineer and as a teacher and, thereafter, until October 1984, he had a temporary job as a first assistant engineer on a merchant vessel. In April 1985, he obtained a permanent position as a third assistant engineer, but was terminated one month later on a charge that he had damaged equipment. His grievance claim for unjust discharge was pending as of the date of the Family Court hearing. Since his termination, he has been living in San Diego, California and has had only occasional port relief work, collected unemployment insurance benefits and was looking for nonmaritime work.

Petitioner, 35 years of age, has a B.A. degree in sociology. Prior to their separation, respondent contributed $3,000 to $4,000 per month to cover her living expenses and tuition for Christianna, who has a learning disability and emotional problems. During the six-month period after they separated, petitioner received a total of $16,800 from respondent. Since October 1984, she and the child have resided with her mother and she has been, and is currently, looking for employment, having mailed about 45 resumés and gone on 25 job interviews. Her only employment was with Willoughby's for 2½ months at a salary of $160 per week, but she quit when she was denied commissions. It is conceded that her weekly expenses are $428 and those of the child are $305.89.

We agree with the determination of the Family Court, awarding child support of $275 per week, which was arrived at by apportioning the costs of support between the father and the mother in accordance with their respective means and responsibilities (Family Ct Act § 413; *Sementilli v Sementilli,* 102 AD2d 78, 84-85; *Matter of Miller v Miller,* 61 AD2d 774; *Tessler v Siegel,* 59 AD2d 846). Family Court Act § 413 (1) sets forth the factors to be considered in fixing "a fair and reason-

able sum according to their respective means", including each parent's ability to earn such means. Thus, the statute requires the court to apportion responsibility in accordance with each parent's earning capacity and potential, albeit that capacity or potential may differ from his or her current economic situation *(see, Hickland v Hickland,* 39 NY2d 1, 5, *cert denied* 429 US 941; *Kay v Kay,* 37 NY2d 632, 637; *Matter of Chenango County Support Collection Unit v De Brie,* 100 AD2d 687, 688; *Matter of Doscher v Doscher,* 80 AD2d 945; *Matter of Garfield v Garfield,* 29 AD2d 928).

The Family Court determined respondent's earning capacity to be $80,000 per year, which was more than his earnings at the time of the hearing, but less than prior years, and petitioner's earning ability to be $10,000 per year, apportioning the support obligation in a ratio of 10% to petitioner and 90% to respondent. On this record, we agree with that apportionment in fixing the "fair and reasonable sum" for child support in accordance with each parent's means *(cf., Jeanne M. v Richard G.,* 96 AD2d 549, 550, *appeal dismissed* 61 NY2d 637; *Matter of Gottwals v Gottwals,* 67 AD2d 664; *Matter of Hudis v Hudis,* 64 AD2d 653).

We also agree with the court's award of counsel fees to petitioner pursuant to Family Court Act § 438. The award appropriately took into account the relative circumstances of the parties and, on this record, it clearly appears that petitioner does not have sufficient funds to pay her attorney *(see, Williamson v Williamson,* 84 AD2d 606, 607, *lv denied* 55 NY2d 604; *Griffin v Griffin,* 115 AD2d 587, 589; *Palmer v Palmer,* 76 AD2d 905; *Kann v Kann,* 38 AD2d 545).

However, we disagree with so much of the determination which denied any support to the wife. Family Court Act § 412 obligates each spouse to support the other "if possessed of sufficient means or able to earn such means" and provides, as a measure of support, "a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties." This requires a delicate balancing of each party's needs and means and, contrary to the court's determination, the finding that, based on her education and work experience, petitioner has the potential to earn a living, is not dispositive. While it is one of the factors to be taken into account in the balancing process, it is not the only criterion to be applied under the statute, which makes the support obligation dependent upon all of the circumstances, including, as relevant here, the husband's means, the duration of the marriage, and the needs and ability of the wife to support

herself *(see, Matter of Steinberg v Steinberg,* 18 NY2d 492, 497; *Matter of Bruno v Bruno,* 50 AD2d 701; *Brownstein v Brownstein,* 25 AD2d 205, 208; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 412, at 34-35).

Applying the statutory standard here, including the relative means and circumstances of the parties, petitioner should be awarded $100 per week as a fair and reasonable sum for support under the statute, without prejudice, of course, to any future application for an upward or downward modification in support or child support based upon an appropriate showing that there has been a change in the parties' circumstances. Concur—Sandler, J. P., Kassal, Rosenberger and Wallach, JJ.