■ STATE OF NEW YORK, Appellant, v ELLEN REISS, Defendant, and ANDRE REISS, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court in favor of defendant Andre Reiss, entered October 25, 1985 in Albany County, upon a decision of the court at Trial Term (Prior, Jr., J.), without a jury.

In April 1978, defendant Ellen Reiss was hospitalized as a result of being accidentally shot in the head. She remained hospitalized for several months and, in July 1978, was transferred to Helen Hayes Hospital (hereinafter the hospital) for rehabilitation treatment. She was discharged in September 1978. The bill for services rendered at the hospital was $16,685.

Shortly after the accident, Ellen Reiss' husband, defendant Andre Reiss (hereinafter defendant) moved out of the marital residence. He did not provide a forwarding address and thus attempts by the hospital to contact him proved unfruitful. By August 1979, the hospital had obtained defendant's address and billed him for services rendered to his wife. Defendant refused to pay the bill. A later offer by the hospital to reduce

the amount owed to $10,000 was also rejected by defendant. This action was commenced and, following a nonjury trial, Trial Term rendered a judgment dismissing the complaint. Plaintiff appeals.

We reverse. At trial, plaintiff proved that defendant was married to Ellen Reiss at the time medical services were rendered to her. Further, there was unrebutted medical testimony that the rehabilitative treatment provided to defendant's wife was medically necessary. The only defense asserted by defendant at trial was that he did not receive notice of the debt for over a year and thus he was unable to get financial assistance. No evidence was presented, however, indicating that earlier notice would have resulted in defendant's getting any financial assistance. Trial Term's decision to dismiss the complaint was based upon an issue not raised in the pleadings. Trial Term concluded that plaintiff had the burden of showing that defendant's separation from his wife was not due to her misconduct or fault and that plaintiff failed to meet this burden. Since the issue of separation was not raised by defendant as a defense, it was error to dismiss on this ground. We conclude that plaintiff proved that defendant was liable upon the common-law theory that a husband has a duty to provide necessaries for his wife (see, Garlock v Garlock, 279 NY 337, 340; Conyngham v Conyngham, 57 AD2d 825), including reasonable medical services (see, Matter of Burt, 254 App Div 584; Matter of Rubin, 30 Misc 2d 790, 792).*

Since plaintiff has only asked this court for judgment in the amount of $10,000, rather than the entire amount due, we limit the judgment accordingly.

Judgment reversed, on the facts, and judgment granted in favor of plaintiff against defendant Andre Reiss in the amount of $10,000, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* The extent to which this common-law rule is now gender neutral is not in issue on this appeal.