OPINION OF THE COURT
Martin Schneier, J.
Should the wife prevail in her action against the husband for reimbursement of moneys expended for necessaries for herself and the children where her income is nearly equal to that of the husband? This issue is apparently one of first impression in this State.
The plaintiff wife, Esther Altman, on May 1, 1985, commenced this action for a money judgment in the total sum of $106,830 for necessaries and for a divorce.
*321 The defendant husband, Joseph Altman, in his answer, denies the allegations in the complaint and interposes a counterclaim for divorce.
In open court, pursuant to oral agreement, plaintiff took an inquest against defendant in her divorce action, custody was awarded to plaintiff, and defendant was granted visitation. In addition, pursuant to oral agreement, plaintiff purchased defendant’s interest in the marital house and defendant received $74,153, net.
A trial was held on the action for necessaries and the ancillary economic issues, at which time both the plaintiff and the defendant and other witnesses testified.
By a fair preponderance of all the credible evidence, the court makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
The parties were married on August 6, 1972, in Brooklyn, New York. Plaintiff is 33 years old and defendant is 41 years old.
There are two issue of the marriage, namely, Eric, born November 8, 1975, and Jordan, born January 16, 1979. The infant issue reside with the plaintiff at the former marital residence.
Plaintiff is a licensed pharmacist who works for the Maimonides Medical Center as an administrator at a gross salary of approximately $45,500 per year or net biweekly $1,204.60. Defendant is an engineer for the New York City Health and Hospitals Corporation at a gross salary of approximately $51,000 per year or net biweekly $1,226.82.
Soon after the marriage, the parties deposited their respective earnings into a joint checking account which was used to pay all the family expenses. This arrangement continued until September 1983 when the parties agreed to maintain their own checking accounts and to pay all personal and family expenses with their own funds. At the end of each month the parties did an accounting reconciliation and reimbursement of moneys, to insure that the household expenses were shared equally between them. This procedure was followed by the parties from September 1983 to November 1985 when defendant permanently moved out of the marital residence pursuant to a Criminal Court order of protection. The plaintiff *322 testified that from November 19, 1985 to January 20, 1987, she expended a total sum of $69,877 for household expenses and necessaries, and that $57,523 of said sum was expended on behalf of the children. During this period plaintiff had to sell her jewelry to help pay expenses.
It is uncontroverted that from November 1985 to January 20, 1987, defendant paid nine mortgage payments on the marital premises in the sum of $600 each and paid six private school tuition payments for the parties’ son, Eric, in the sum of $295 each.
Since both parties were born and raised in Israel, they agreed that their children should have a Hebrew education and be conversant in Hebrew, particularly since Hebrew was the principal conversational language of the children’s grandparents. The parties, therefore, enrolled their children in the Yeshiva of Flatbush, a bilingual private school, and voluntarily contributed equally toward the payment of the tuition and other school-related expenses.
CONCLUSIONS OF LAW
Prior to the enactment of the neutral-gender support statutes in the last decade, the common-law action by the wife for reimbursement of expenditures for necessaries was based on the theory that the husband had the primary obligation of support (see, i.e., De Brauwere v De Brauwere, 203 NY 460 [1911]; State of New York v Reiss, 127 AD2d 910 [3d Dept 1987]). The husband was obligated to provide his wife and children with basic necessaries under the circumstances of the parties’ economic status, income, mode of living and station in life (see, i.e., Garlock v Garlock, 279 NY 337 [1939]; Wickstrom v Peck, 163 App Div 608 [1st Dept 1914]).
The question of what constitutes necessaries is to a great extent a question of fact relative to the circumstances of the parties (see, De Brauwere v De Brauwere, supra; Grishaver v Grishaver, 225 NYS2d 924 [Sup Ct, NY County 1961]). In addition to food, shelter, and clothing, necessaries may include telephone, gas, electric charges, gratuities, medical expenses, private school, and psychiatric services (see, Holtzman v Stutz, 125 AD2d 640 [2d Dept 1986]; Tausik v Tausik, 38 Misc 2d 11 [Sup Ct, NY County 1962]; New York Tel. Co. v Teichner, 69 Misc 2d 135 [Dist Ct, Suffolk County 1972]; MacFadden v MacFadden, 173 Misc 85 [Sup Ct, NY County 1939], revd on other grounds 263 App Div 944).
*323 In 1980, Domestic Relations Law § 32 and Family Court Act §§ 412 and 413 were amended to reflect a neutral-gender obligation to support a spouse and/or children based upon the relative financial circumstances of the parties obligated to provide support (see, L 1980, ch 281). The husband was no longer the primary person obligated to support his wife and children. Under the statutes as amended, although the husband was still responsible for the support of his wife and children, the wife was also jointly and severably responsible for the support of her husband and children. The amended statutes reflected a codification of evolving case law (see, Matter of Carter v Carter, 58 AD2d 438 [2d Dept 1977]; Tessler v Siegel, 59 AD2d 846 [1st Dept 1977]; Matter of Roth v Roth, 98 Misc 2d 618 [Fam Ct, Queens County 1979]).
In order for a spouse to successfully prosecute a cause of action for necessaries, it is essential that the spouse furnish competent proof of what the items were and whether they were, in fact, necessaries (see, Erdheim v Erdheim, 119 AD2d 623 [2d Dept 1986], lv denied 68 NY2d 607 [1986]; Yedvarb v Yedvarb, 92 AD2d 591 [2d Dept 1983]; Malman v Malman, 46 AD2d 803 [2d Dept 1974]).
In the instant case, prior to November 19, 1985, expenses for necessaries were shared equally by the parties.
The court has examined the detailed documented expenditures submitted into evidence by the plaintiff for the period of November 19, 1985 to January 26, 1987, and finds the following items which total $32,288 to be necessaries for the children, bearing in mind the relative financial circumstances of the parties, their standard of living, and the parties’ voluntary agreement to enroll the children in private school and to share the education expenses: food $4,442; clothing $3,762; private school and related expenses $17,007; medical expenses $635; children’s publications $139; utilities $3,080; real property taxes $1,342; and miscellaneous expenses $1,880. During the same period, defendant expended $7,170 in unreimbursed necessary expenses for the benefit of the children, i.e., mortgage payments and school tuition. Thus, the parties expended a total of $39,458 for necessaries for the children.
Since the obligation to support children is no longer gender based (see, Matter of Carter v Carter, supra; Tessler v Siegel, supra; Domestic Relations Law § 32; Family Ct Act § 413), under the facts and circumstances of this case, including the parties’ nearly equal incomes, the court finds that each parent *324 is as financially able as the other to pay for the necessaries for their children and, therefore, these expenditures should be shared equally. Thus, each party’s obligation for necessaries is $19,729. In order for the defendant to pay his equal share of the necessaries, he is required to reimburse the plaintiff the sum of $12,559. Accordingly, the plaintiff is granted a money judgment against the defendant in the sum of $12,559.
The court has disallowed the plaintiffs claim as necessaries such items as furniture, charity donations, toys, car expenses, restaurant expenses, house cleaning expenses, work-related expenses, all vacation expenses, summer camp and other miscellaneous items.
Since plaintiffs income is nearly equal to that of the defendant she is obligated to pay for all of the "necessaries” for herself. Accordingly, the plaintiffs claim for reimbursement of moneys she expended for necessaries for herself is hereby denied.