■ JOSEPHINE W. KENYON, Individually and as Parent and Guardian of JACQUELINE M. DARQUEA, an Infant, Respondent-Appellant, v RAY O. KENYON, Appellant-Respondent. (And Another Related Action.)—Casey, J. P. Cross appeals from a judgment of the Supreme Court (Ingraham, J.) awarding plaintiff, *inter alia,* maintenance, entered May 16, 1988 in Chenango County, upon a decision of the court.

Appeal from an order of the Supreme Court (Ingraham, J.),

entered October 21, 1988 in Chenango County, which, *inter alia,* denied plaintiff's request for counsel fees.

Defendant appeals from that part of the judgment which awarded permanent monthly maintenance. At trial, plaintiff withdrew her action for a separation, leaving only the action seeking to set aside an antenuptial agreement, which included an application for support and maintenance. Since there was no longer a matrimonial action pending, the provisions of Domestic Relations Law § 236 (B) were inapplicable *(see,* Domestic Relations Law § 236 [B] [2]). Thus, plaintiff's application for support must be viewed as one for spousal support under Family Court Act article 4 *(see,* Family Ct Act § 412). Although Family Court is the appropriate forum for such a proceeding where no matrimonial action is pending *(see,* Family Ct Act § 411), Supreme Court had jurisdiction to consider the matter *(see, Kagen v Kagen,* 21 NY2d 532) and defendant does not claim otherwise.

Based upon the relevant factors to be considered upon an application for spousal support under Family Court Act § 412 *(see, Polite v Polite,* 127 AD2d 465, 467-468; *Matter of Bruno v Bruno,* 50 AD2d 701), Supreme Court properly awarded monthly maintenance to plaintiff, and we see no basis for disturbing the amount of that award. As to defendant's objection to the unlimited duration of the award, we note that in contrast to the definition of maintenance in the context of a matrimonial action *(see,* Domestic Relations Law § 236 [B] [1] [a]; *see also,* Domestic Relations Law § 236 [B] [6]), there is no provision for a definite period or duration of spousal support *(see,* Family Ct Act §§ 412, 442).

Plaintiff's claim on her cross appeal that the award should have been made retroactive to the date of her initial request for spousal support is correct *(see,* Family Ct Act §§ 440, 449). The matter should be remitted to Supreme Court to determine how the retroactive amount should be paid *(see,* Family Ct Act §§ 440, 449). As to plaintiff's claim for counsel fees under Domestic Relations Law § 237, we are of the view that since plaintiff withdrew the only action seeking the type of relief specified therein, the statute is inapplicable *(see, Donnarumma v Donnarumma,* 72 AD2d 545).

Judgment modified, on the law, without costs, by changing the effective date contained in the third decretal paragraph to June 6, 1986 and remitting the matter to Supreme Court for further proceedings not inconsistent with this court's decision, and, as so modified, affirmed.

Order affirmed, without costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.