■ In the Matter of BETTY P. WHITE, Respondent, v DONALD R. WHITE, Appellant. [613 NYS2d 955] —Mikoll, J. P. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered February 18, 1993, which, *inter alia,* partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay support to petitioner.

Petitioner and respondent were married in March 1947 and had four children. After more than 44 years of marriage the parties separated in September 1991. Petitioner commenced this proceeding for support seeking the sum of $600 per week. Pending a fact-finding hearing, the Hearing Examiner ordered respondent to pay petitioner $1,486 per month in temporary support.

At the time of the fact-finding hearing the parties were 67 years of age. Respondent had been employed by General Electric Company for some 33 years and his salary was in the $85,000 to $90,000 range when he retired in May 1985. Peti-

tioner, a school nurse/teacher, retired in 1982. Respondent testified that he had no income other than that shown on his 1991 tax return. The parties' joint 1991 income tax return indicated their monthly income to be $5,000. Petitioner's income consisted of a pension of about $110 per month and Social Security benefits of $340 per month. Respondent also testified that he received $738 a month in Social Security benefits, a monthly pension of $3,125, about $4,000 to $8,000 per year in deferred income, and some dividend and interest income.

It was conceded that petitioner had $300,000 in assets in her name which respondent said yielded $846 a month in income. Petitioner, however, testified that she had not listed the $300,000 as her assets in her papers because she thought that she was custodian of that money and did not think that it should be used as a source of income. She indicated that this was the reason she had not taken any income from those assets, but put it back into the principal. Respondent testified that substantial assets were transferred over the past four or five years from his name to petitioner's name because of liability he may face from a possible lawsuit and because they began thinking seriously of a divorce. He said that the income from the investments transferred to respondent was not treated as disposable income but, rather, reinvested and left intact in the investment accounts. Respondent admitted that petitioner was relatively unsophisticated with respect to monetary investments and that he was the one who primarily made the investment decisions.

The Hearing Examiner concluded that the parties' gross monthly income was $5,000 based on their income tax return, of which petitioner received some $450 per month in Social Security and pension benefits. The Hearing Examiner directed respondent to pay $2,090 per month to petitioner as support. Upon objections, Family Court held, *inter alia,* that the payment ordered was fair and reasonable and found that respondent's objections lacked merit. The Hearing Examiner then corrected a mathematical error with an amended order directing respondent to pay petitioner $2,050 per month. Respondent appeals.

There should be a reversal and the matter remitted to Family Court for a new hearing and further findings consistent herewith. Family Court could properly on the facts of this case make an award that would approximately reflect a 50%/50% division of the parties' disposable income *(see,* Family Ct Act § 412; *see also, Polite v Polite,* 127 AD2d 465, 467-468).

However, Family Court's award does not accomplish that objective. Family Court improperly included the $846 income petitioner received from the $300,000 in assets (held solely in her name) in computing the parties' gross monthly income and improperly required that respondent pay petitioner one half thereof despite the fact that he did not receive any of the $846. Additionally, although petitioner could elect to receive this income in her sole discretion, Family Court did not charge the income to her in its computation. Petitioner's reinvestment of this income and her lack of sophistication in financial matters does not justify Family Court's charging the $846 as income to respondent. Likewise, Family Court improperly determined petitioner's monthly support by using the parties' gross pretax income in its calculations without regard to their actual annual income tax liability. Under Family Court's decision petitioner constructively receives $3,346 ($2,500 + $846) of the $5,000 total monthly income, leaving respondent with only $1,654.

As the record contains insufficient evidence to permit a determination of the parties' actual annual income tax liability, a new hearing is required.

Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.