■ In the Matter of MARLENE STOLTZ, Respondent, v ROBERT STOLTZ, Appellant. [682 NYS2d 488] —Mikoll, J. P. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered July 9, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for spousal support.

This appeal relates solely to respondent's challenge to an award of spousal support in the total amount of $1,500.

The following facts and findings were stipulated to by the parties. As of June 5, 1996, the parties had been married for nearly 24 years and had two sons, ages 16 and 18. Respondent was employed by New York State Electric & Gas earning $68,000 annually. Petitioner earned $150 per week from part-time seasonal employment at a local school; she had no income during summer recess. In December 1995, respondent asked petitioner for a divorce and she refused. Respondent then embarked upon a program of financial pressure designed to procure petitioner's agreement to a divorce. Respondent assumed total control of the family's finances, including functions previously performed by petitioner such as grocery shopping and bill payments. Petitioner had no access to marital bank accounts. She was required to request money from petitioner for every incidental expense and was required to account to him therefor. During this period, although both parties resided in the marital home, respondent effectively isolated himself from petitioner and his children, taking his meals alone, not speaking to petitioner and having little contact with his sons.

Upon the June 5, 1996 petition for spousal support, the parties appeared before a Hearing Examiner who found that respondent's conduct constituted a failure to provide reasonable support. He ordered respondent to continue paying all household expenses and to pay spousal support to petitioner in the amount of $150 per week effective June 5, 1996. Respondent filed objections to the Hearing Examiner's report. Upon discovering that the Hearing Examiner's tape recording of the hearing was incomplete, Family Court remanded the matter for another hearing. On August 11, 1997, the parties appeared again before the Hearing Examiner and stipulated to his prior findings of fact. They also stipulated that when the petition was filed, the parties were residing together in the marital residence with no action for divorce then pending, that a divorce action was commenced on August 13, 1996, and a subsequent Supreme Court order established respondent's support obligation effective August 13, 1996. The Hearing Officer reinstated his prior findings of fact and support order. Respondent again filed written objections thereto which Family Court denied, prompting this appeal.

Respondent's arguments on this appeal are meritless. He contends first that because he and petitioner were living in the same household, and he was already paying all household expenses, Family Court's order was not one of support but a reallocation of discretionary income from one spouse to another unauthorized by Family Court Act § 412. The fact that two parties reside "under the same roof" does not preclude a support order (*Matter of Dellaripa v Dellaripa*, 62 AD2d 1036). The Hearing Examiner found that while respondent paid household expenses such as mortgage, utilities and groceries, petitioner and the children were "at the mercy of respondent" for incidental living expenses as petitioner had no access to family finances. The court was authorized to award reasonable support for such other living expenses based upon the respective circumstances of parties (*see, Polite v Polite*, 127 AD2d 465). The sum awarded is fair and reasonable in light of the length of the marriage, the age of the children, the $60,000 disparity in the parties' income and the hiatus in petitioner's employment.

Respondent's claim that the support order is based on insufficient evidence is unpreserved for review. Despite twice objecting to the Hearing Examiner's findings, he failed to raise any issue concerning the sufficiency of the proof. Moreover, upon the second appearance before the Hearing Examiner, he stipulated to the facts contained in the original report, including the

finding that respondent's control of the family resources was part of a deliberate effort to coerce petitioner into agreeing to a divorce. Even were we to entertain this argument, it would not detain us long. We are satisfied that petitioner sufficiently established that she had unmet incidental expenses for which respondent was responsible and able to pay.

We further find that respondent's conduct, during the proceeding and through this appeal, falls squarely within the ambit of 22 NYCRR 130-1.1, authorizing the imposition of costs, including counsel fees.* Conduct is frivolous for purposes of that section if

"(1) it is completely without merit in law and cannot be supported by reasonable argument * * *

"(2) it is undertaken primarily to delay or prolong the resolution of litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c]).

Even assuming that respondent's legal arguments narrowly escape the application of paragraph (1) of 22 NYCRR 130-1.1 (c), we find his conduct in this litigation tantamount to harassment. By twice objecting to the Hearing Examiner's report (the second time after stipulating to the earlier findings) and prosecuting this appeal, respondent has forced petitioner to incur legal expenses that at least equal, if not exceed, the amount at issue. Considering the substantial disparity in their incomes, and respondent's acknowledged imposition of financial pressure upon petitioner, we consider it appropriate to award petitioner counsel fees in addition to costs.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the facts, with costs, by awarding petitioner counsel fees; matter remitted to the Family Court of Broome County for a hearing to determine the amount of said counsel fees; and, as so modified, affirmed.

---

* We note that petitioner's express request for sanctions provided respondent sufficient notice that such relief would be considered by this Court, and respondent was consequently afforded a reasonable opportunity to be heard on the issue (see, 22 NYCRR 130-1.1 [d]; Matter of Jemzura v Mugglin, 207 AD2d 645).