■ In the Matter of ELIZABETH A.J. SHREFFLER, Respondent, v BRUCE A. SHREFFLER, Appellant. [754 NYS2d 601] —Mercure, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered August 3, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for an award of spousal support.

The parties were married in 1987 and separated in April 1998. In a prior appeal from an order entered June 3, 1999, this Court concluded that Family Court erred in dismissing petitioner's application for spousal support where the parties' submissions provided insufficient evidence to permit a determination (283 AD2d 679, 681). The Court remitted the matter for further proceedings on the issue of spousal support and to consider whether respondent should contribute to the cost of the children's private school education (*id.*).

Upon remittal, Family Court directed the parties to submit further evidence concerning spousal support and invited them to address the issue of the children's private school education. After reviewing the parties' submissions, Family Court directed that respondent pay petitioner $250 per week as spousal support and 50% of the cost of the children's private school educa-

tion,* both retroactive to 1998. Respondent appeals, arguing that Family Court improperly relied upon evidence that exceeded the scope of the remittitur in making its determination.

Petitioner concedes that she submitted evidence regarding the impact of her emotional and physical health on her ability to obtain employment, her living and medical expenses, the children's expenses and respondent's income that postdated the June 3, 1999 decision and order. Family Court expressly indicated, however, that it relied upon financial affidavits and disclosures that predated its prior decision. The court based its determination regarding petitioner's inability to obtain employment on her continuing parenting obligations that also existed at the time of the prior order. Accordingly, we reject respondent's argument that Family Court improperly widened the scope of the remittitur (*cf. Skinner v Skinner*, 271 AD2d 679, 680-681; *West v West*, 115 AD2d 601, 602).

Respondent's additional argument that Family Court erred in awarding petitioner nondurational support is meritless. "[I]n contrast to the definition of maintenance in the context of a matrimonial action (*see,* Domestic Relations Law § 236 [B] [1] [a]; *see also,* Domestic Relations Law § 236 [B] [6]), there is no provision for a definite period or duration of spousal support (*see,* Family Ct Act §§ 412, 442)" (*Kenyon v Kenyon*, 155 AD2d 825, 826). Finally, we conclude that Family Court's award of $250 per week was appropriate and properly based upon the relevant factors, including the parties' relative means and circumstances (*see Polite v Polite*, 127 AD2d 465, 467-468).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Inasmuch as respondent does not challenge Family Court's award of support for educational expenses, we deem the issue abandoned (*see Fraser v Fraser*, 295 AD2d 864, 865 n).