In the Matter of ALISON J. MANZANO, Respondent, v ROBERT A. MANZANO, Appellant. [768 NYS2d 707]—

Mugglin, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered December 6, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support and spousal support.

In this proceeding the Support Magistrate awarded petitioner $722.54 per month for child support, $200 per month for spousal support, and required respondent to pay the monthly home equity loan payment and 89% of the unreimbursed medical expenses for the children. Following denial of respondent's written objections by Family Court, respondent appeals, contending that his reasonable living expenses and debts were not appropriately considered in making the awards as he is left with insufficient income to pay them.

Our analysis begins by making two observations. First, respondent acknowledges in his brief that he contests only the award of spousal support and the requirement that he pay the monthly home equity loan payment. Second, by judgment of

divorce entered August 4, 2003, Supreme Court essentially resolved these issues.*

Family Ct Act § 412 provides that an order of spousal support be a "fair and reasonable" amount. This amount is determined by evaluating the assets, earning potential and circumstances of the parties involved (*see Matter of Shreffler v Shreffler,* 302 AD2d 822, 823 [2003]; *Matter of Stoltz v Stoltz,* 257 AD2d 719, 720 [1999]). Each case presents unique circumstances that must be balanced to reach an equitable result (*see Matter of Shreffler v Shreffler, supra* at 823; *Polite v Polite,* 127 AD2d 465, 467 [1987]).

We find respondent's contentions to be unpersuasive. In making these awards, the record clearly reflects that Family Court considered the statutory factors, as well as the parties' assets, earnings and debts and other relevant facts in fashioning these awards. Petitioner's income and assets, as well as respondent's income from Social Security and retirement disability, were well documented, while respondent's additional income from clock repairs and eBay sales, as well as his claimed living expenses, were not, substantially weakening his current claims. As a result, we find no abuse of discretion and no basis upon which to substitute our judgment for that of Family Court (*see Matter of Kazim v Kazim,* 265 AD2d 636, 638 [1999]; *Polite v Polite, supra* at 467).

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Supreme Court awarded petitioner maintenance of $325 per month through the end of 2006 and terminated respondent's responsibility for paying the home equity monthly payments after September 30, 2003. As respondent had not made the payments as required by Family Court, Supreme Court awarded petitioner $3,800 for the arrears, to be paid from respondent's one half of the sale of marital securities. Supreme Court also ordered the marital residence sold by the end of 2006 and the balance, if any, of the home equity loan to be paid before the net proceeds are divided equally between the parties. Thus, our decision has little economic impact on these issues.