■ HOWARD C. LEVY, Respondent, v HENI LEVY, Appellant. [885 NYS2d 761]—

In an action for a divorce and ancillary relief, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Corrado, J.H.O.), dated March 18, 2008, which, inter alia, upon a decision of the same court dated January 3, 2008, awarded her spousal support only in the amount of $150 per week until she reaches the age of 62, and denied that branch of her motion which was for an award of an attorney's fee.

Ordered that the order and judgment is modified, on the law, and as a matter of discretion, (1) by deleting from the first decretal paragraph thereof the words "until the Defendant

reaches the age of 62 years," and (2) by deleting the second decretal paragraph, and substituting therefor a decretal paragraph stating "[o]rdered that the branch of the defendant's motion which was for an award of an attorney's fee is granted to the extent that she is awarded an attorney's fee in the sum of $10,000"; as so modified, the order and judgment is affirmed, with costs to the defendant.

The Supreme Court's award of spousal support in the amount of $150 per week was appropriate, based upon a consideration of the parties' respective circumstances at the time of their presentation to the court, including the defendant's needs and the plaintiff's means. We see no reason to disturb it (*see* Family Ct Act § 412; *Kenyon v Kenyon,* 155 AD2d 825, 826 [1989]; *Matter of Bruno v Bruno,* 50 AD2d 701 [1975]). However, the court erred in imposing a durational limit on the award. In this case, the husband did not pursue his cause of action for divorce, and it was dismissed by order of the Supreme Court dated May 12, 2003. Since there no longer was a matrimonial action pending, the defendant's application for support is properly viewed as one for spousal support under Family Court Act § 412, rather than under the provisions of Domestic Relations Law § 236 (B) (*see Kenyon v Kenyon,* 155 AD2d at 826). There is no durational provision in the Family Court Act on spousal support (*see* Family Ct Act §§ 412, 442), as there is in the case of maintenance in the context of a matrimonial action (*see* Domestic Relations Law § 236 [B] [1] [a]; [6]; *Matter of Shreffler v Shreffler,* 302 AD2d 822, 823 [2003]; *Kenyon v Kenyon,* 155 AD2d at 826; *see also Blisko v Blisko,* 149 AD2d 127, 129 [1989]). Pursuant to Family Court Act § 449 (1), the effective date of the court's order of spousal support is the date the defendant filed her application therefor (*see* Family Ct Act § 449; *Kenyon v Kenyon,* 155 AD2d at 826). However, in this case, the record substantiates the Supreme Court's determination that the plaintiff heretofore has been paying adequate support. Therefore, we reject the defendant's contention that there should have been an award of retroactive support.

To the extent that the defendant sought an award of an attorney's fee for legal services performed in connection with but prior to the dismissal of the matrimonial action, the Supreme Court improvidently exercised its discretion in denying the defendant's motion, to the extent indicated (*see* Domestic Relations Law § 237).

The defendant's remaining contentions are without merit. Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.