■ In the Matter of ELLEN NIZOLEK, Respondent, v EDWARD J. NIZOLEK, SR., Appellant. [939 NYS2d 759]—

Spain, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered January 31, 2011, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay spousal support.

The parties are octogenarians married in 1947 with six adult children. Although they have lived separately since 1979, they have never divorced. Petitioner, who has no savings and qualifies for public assistance, twice previously petitioned for spousal support pursuant to Family Ct Act article 4 but was unsuccessful, presumably due to respondent's similarly limited resources at those times. However, in January 2010, respondent began receiving monthly veterans' disability benefits of $1,064 for injuries he sustained while serving in World War II and, thereafter, petitioner commenced this proceeding, again seeking an award of spousal support.* After a fact-finding hearing, a Support Magistrate found that, but for respondent's disability award, the situation had not changed since petitioner's prior, unsuccessful efforts, and dismissed the petition. On petitioner's objections, however, Family Court found instead that an award was warranted because petitioner is not self-sufficient and, with the disability allowance, respondent is now in a position where he can both maintain his current standard of living and provide spousal support. The court ordered respondent to pay spousal support to petitioner in the amount of $250 per month. Respondent now appeals, and we affirm.

The sole argument that respondent makes on appeal is that his veterans' benefits should not be considered in rendering an award for spousal support. Family Ct Act § 412 provides that "[a] married person is chargeable with the support of his or her spouse and, if possessed of sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum" (see Levy v Levy, 65 AD3d 1295, 1296 [2009]; Matter of Lanese v Lanese, 210 AD2d 755, 757 [1994], lv denied 85 NY2d 805 [1995]). Domestic Relations Law § 236, on the other hand, governs awards of maintenance and distributive awards in the context of matrimonial actions (see Domestic Relations Law § 236 [B] [2]; Levy v Levy, 65 AD3d at 1296; Kenyon v Kenyon, 155 AD2d 825, 826 [1989]). Here, the marital relationship has remained intact and, thus, the petition is for spousal support pursuant to Family Ct Act § 412.

While disability benefits are separate property, not subject to equitable distribution upon the termination of a marriage (see Domestic Relations Law § 236 [B] [1] [d] [2]), they are not necessarily excluded when considering an application for support in Family Court (see e.g. Family Ct Act § 413 [1] [b] [5] [iii] [E] [specifically provides that veterans' benefits shall be included as income for purposes of determining a parent's child support

---

* Respondent also received a lump sum of approximately $63,000 based on the retroactivity of his veteran's benefit subject to a five-year cap.

obligation]). Indeed, we find nothing in the broad language of Family Ct Act § 412 which would suggest that a spouse's separate property cannot be considered in determining an award for spousal support. Rather, an award of spousal support under Family Ct Act § 412 is broadly "determined by evaluating the assets, earning potential and circumstances of the parties involved" (*Matter of Manzano v Manzano*, 2 AD3d 1168, 1169 [2003]; *see Matter of Fuller v Fuller*, 11 AD3d 775, 777 [2004]), and "[v]eterans' disability benefits . . . are intended to 'provide reasonable and adequate compensation for disabled veterans *and their families*' " (*Rose v Rose*, 481 US 619, 630 [1987], quoting S Rep No. 604 , 98th Cong, 2d Sess, at 24 [reprinted in 1984 US Code Cong & Admin News, at 4479, 4488]). Thus, we hold that Family Court did not err in considering respondent's disability benefits in the context of petitioner's application for spousal support.

Mercure, A.P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.