Matter of Nieves v Iacono (2018 NY Slip Op 03980)





Matter of Nieves v Iacono


2018 NY Slip Op 03980


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-05384
 (Docket No. F-26685-13/16D)

[*1]In the Matter of Dennis Nieves, Jr., appellant,
v
Nicole Marie Iacono, respondent.


Dennis Nieves, Jr., Jacksonville, Florida, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Ann Elizabeth O'Shea, J.), dated March 1, 2017. The order denied the father's objection to so much of an order of the same court (Andrea Hecht-Zaki, S.M.) dated January 20, 2017, as included his veterans disability benefits as income in calculating his child support obligation.
ORDERED that the order dated March 1, 2017, is affirmed, without costs or disbursements.
The mother and the father have one child, who lives with the mother. In June 2016, the father petitioned for a downward modification of his child support obligation. In an order dated January 20, 2017, the Support Magistrate, inter alia, granted the father's petition only to the extent of reducing his child support obligation to $528 per month. The father filed an objection to so much of the Support Magistrate's order as included his veterans disability benefits as income in calculating his reduced child support obligation. In an order dated March 1, 2017, the Family Court denied the father's objection. The father appeals.
Contrary to the father's contention, federal law does not prohibit the inclusion of veterans disability benefits as income in calculating a veteran's child support obligation. Although veterans benefits are exempt from many claims (see 38 USC § 5301), 42 USC § 659(a) specifically provides that this exemption does not apply to child support obligations (see Mansell v Mansell, 490 US 581; Rose v Rose, 481 US 619, 636; Matter of Nizolek v Nizolek, 93 AD3d 934, 935-936; McMullan v McMullan, 197 AD2d 678, 678-679). The Family Court Act also specifically provides that veterans benefits are income for child support purposes (see Family Ct Act § 413[1][b][5][iii][E]). Accordingly, the Family Court properly denied the father's objection to the Support Magistrate's inclusion of his veterans disability benefits in the calculation of his child support obligation.
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court