■ In the Matter of JOHN HAVILAND, Appellant, v PHYLLIS HAVILAND, Respondent. [627 NYS2d 854] —Cardona, P. J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered September 10, 1993, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify petitioner's spousal support obligation.

In March 1989, petitioner and respondent separated and petitioner subsequently agreed to pay respondent $250 a week in spousal support. In May 1992, petitioner applied to Family Court seeking to eliminate his support obligation or in the alternative to have it reduced. Petitioner cited increased living expenses as the circumstance justifying a modification of the support commitment. After a hearing, a Hearing Examiner rejected petitioner's arguments and dismissed the application. Upon petitioner's filing of objections, Family Court sustained the Hearing Examiner's decision, resulting in this appeal by petitioner.

In our view, Family Court properly refused to modify or eliminate petitioner's support obligations based upon a claimed substantial change in circumstances (see, Kavanagh v Kavanagh, 119 AD2d 984; see also, Neumark v Neumark, 189 AD2d 863, lv dismissed 82 NY2d 843). A review of the record supports the conclusion that petitioner's professed increased living expenses were discretionary. In addition, the record does not demonstrate that respondent's increase in earnings since 1989 has resulted in a change in circumstances so as to warrant a modification (see, Kavanagh v Kavanagh, supra; see also, Polite v Polite, 127 AD2d 465). We have considered petitioner's remaining arguments and have rejected them as lacking in merit.

Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.