■ In the Matter of ELIZABETH A. J. SHREFFLER, Appellant-Respondent, v BRUCE A. SHREFFLER, Respondent-Appellant. [724 NYS2d 121] —Mercure, J. P. Cross appeals from a second amended order of the Family Court of Albany County (Maney, J.), entered June 3, 1999, which, *inter alia*, partially granted respondent's application, in a proceeding pursuant to Family Court Act article 4, to terminate spousal support.

The parties were married in 1987 and separated in April 1998. They have three children. On May 1, 1998, petitioner filed a petition under Family Court Act article 4 seeking support for herself and for the children. On May 15, 1998, Family Court issued a temporary order which, among other things, required respondent to pay child support of $300 per week, to continue paying the children's tuition at preschool and parochial school, to continue providing health insurance for petitioner and the children, and to pay all reasonable uncovered medical expenses. By further order entered June 15, 1998, Family Court required respondent to pay child support of $445 per week based upon a $79,815.04 gross income, as that term is defined under the Child Support Standards Act (Family Ct

Act § 413), temporary spousal support of $200 per week, and 95% of unreimbursed medical expenses for the children. Then, in September 1998, respondent sought to modify the outstanding support order based upon "a shared custodial pattern" allegedly resulting from an August 1998 "oral directive" of Family Court. Family Court granted respondent's application to the extent of reducing respondent's child support to $345 per week.

Finally, the parties appeared in Family Court on March 19, 1999 and entered into a stipulation that resolved the disputed issues of custody and visitation and awarded petitioner primary physical custody of the children. At the same time, the parties stipulated that the remaining contested financial issues be resolved by Family Court on the papers and documentary evidence that were already before the court or were submitted within the following two-week period. Ultimately, Family Court issued a decision and order which, as relevant to this appeal, denied petitioner's request for continued spousal support and counsel fees, fixed respondent's child support obligation at $472.48 per week, and required respondent to provide health insurance coverage for the children and pay 95% of the children's unreimbursed medical expenses. Certain of the terms of Family Court's decision and order were amended by two subsequent amended decisions and orders. Petitioner appeals and respondent cross-appeals from Family Court's second amended order.

Initially, we conclude that there is merit to petitioner's contention that Family Court erred in summarily denying her request for spousal support. Despite the fact that petitioner filed a financial disclosure affidavit fixing her income at $0 to $35 per week and her monthly expenses at $2,564, and the parties stipulated that petitioner's annual income was only $300, Family Court found that "petitioner has failed to offer any proof of her current financial condition or needs * * * [without which it] cannot conclude that she lacks sufficient property or income of her own to provide for her reasonable needs or that spousal support is warranted." It is our view that, given the $90,000 disparity in the parties' income, the ages of their children—all were under the age of 10 at the time—and Family Court's recognition that petitioner did not work outside the home during the marriage, petitioner made a prima facie showing of entitlement to an award of maintenance.

The provisions of Family Court Act § 412 require a delicate balancing of each party's needs and means, and the mere finding that a spouse has the potential to earn a living is not dis-

positive (see, *Polite v Polite*, 127 AD2d 465, 467). "While [a spouse's potential earning capacity] is one of the factors to be taken into account in the balancing process, it is not the only criterion to be applied under the statute, which makes the support obligation dependent upon all of the circumstances, including * * * [the other party's] means, the duration of the marriage, and the needs and ability of the [applicant] to support [himself or] herself" (*id.*, at 467-468 [citations omitted]). Although we recognize that the parties' decision to "chart their own course" and have the disputed economic issues determined on their limited submissions placed Family Court in a position where it had insufficient evidence before it, the appropriate resolution was not to dismiss the application for spousal support but, rather, to require the parties to make a further evidentiary showing. We will remit the matter to Family Court for that purpose. Upon remittal, Family Court should also consider the issue of whether respondent should be required to contribute to the cost of the children's private school education (see, Family Ct Act § 413 [1] [c] [7]), which was not addressed in connection with the current award of child support.

The parties' remaining contentions warrant little discussion. On the record before us, we are not persuaded that Family Court abused its discretion in denying petitioner an award of counsel fees (see, *Matter of McCullough v Falardeau*, 184 AD2d 989) or, in view of its specific finding concerning respondent's "past financial responsibility in meeting his child support obligations," in declining to order that respondent's payments of support be made by income execution (see, Family Ct Act § 440 [1] [b] [2] [i]; compare, *Matter of Dora T. J. v Jean-Paul A. S.*, 224 AD2d 420, 421). Further, we are not persuaded that Family Court erred in applying the statutory percentage to the parties' income in excess of $80,000 (see, *Matter of Cassano v Cassano*, 85 NY2d 649, 655).

The parties' remaining contentions either have been considered and found to be lacking in merit or need not be considered in light of our determination to remit to Family Court the issues of spousal support and respondent's responsibility for the children's private school educational expenses.

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the second amended order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's application for spousal support; said application reinstated and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.