■ In the Matter of BRUCE C. FULLER, JR., Appellant, v KAREN A. FULLER, Respondent. (And Another Related Proceeding.) [783 NYS2d 671]—

Cardona, P.J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered May 30, 2003, which, inter alia, dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 4, to modify a prior order of child support.

In June 2002, petitioner filed a petition for a downward modification of a February 20, 2002 support order requiring him to pay respondent, his wife, inter alia, the weekly sums of $70 for the support of their child and $40 for spousal support. The Support Magistrate granted respondent's motion to dismiss the petition without a hearing. Thereafter, Family Court vacated the dismissal order and remitted the matter for a full hearing. In the interim, petitioner, who had lost his job and secured another paying $3 per hour less, filed a second modification petition in November 2002. Following a combined hearing held in February 2003, the Support Magistrate modified the February 2002 order by reducing petitioner's child support obligation to $56 per week and suspending his spousal support obligation. After respondent filed objections, Family Court determined that petitioner failed to establish a sufficient change in circumstances and directed that child support continue at $70 per week. The court also reinstated petitioner's spousal support obligation.

Petitioner first contends that Family Court incorrectly calculated his annual income when it concluded that there had been no change in petitioner's financial circumstances. For purposes of computing a parent's income under the Child Support Standards Act, income includes, inter alia, "all income 'as should have been or should be reported in the most recent federal tax return' " (*Matter of Ballard v Davis*, 259 AD2d 881, 883 [1999], *lv denied* 94 NY2d 751 [1999], quoting Family Ct Act § 413 [1] [b] [5] [i]). Here, however, the parties chose to "chart their own course" (*Matter of Shreffler v Shreffler*, 283 AD2d 679, 681 [2001]) by having income determined on a more limited submission, i.e., petitioner's pay stubs from his new employment. Thus, the Support Magistrate used the five most recent pay stubs, dated January 3, 10, 17, 24 and 31, 2003, which reflected total year-to-date earnings of $2,208.60. The Support Magistrate then divided the total earnings by five to arrive at an average weekly gross income of $441.72, or $22,969.44, annually. In arriving at its calculation of annual

income in the amount of $29,857, Family Court evidently divided petitioner's year-to-date total earnings of $2,208.60 by the number of days in January 2003 over which it was earned, i.e., 27. The court then multiplied the resulting quotient by 365. Because petitioner is not paid on a per diem basis but rather on a weekly basis, we find that Family Court's method of income computation inflated petitioner's actual yearly earnings. Therefore, taking petitioner's annual income of $22,969.44 and subtracting therefrom the yearly amounts for child support of $4,082 paid on behalf of his other children and the applicable FICA of $1,757.08, yields a parental income for child support purposes of $17,130. Respondent receives $15,108 per year in federal Social Security disability benefits and $1,200 per year in private disability insurance, totaling $16,308. After deducting FICA of $1,257, her annual parental income for child support purposes is $15,051.[1] The combined parental income is $32,181. Multiplying that amount by the applicable child support percentage of 17 (*see* Family Ct Act § 413 [1] [b] [3] [i]) results in a basic child support obligation of $5,470.77. Petitioner's proportionate share of that annual amount is $2,912, or $56 per week.

Furthermore, because the evidence shows that petitioner lost his old job through no fault of his own and was compelled to take a new one for less pay, we find that he has shown a "sufficient and involuntary change in financial circumstances" (*Matter of Holscher v Holscher*, 4 AD3d 629, 630 [2004], *lv denied* 3 NY3d 606 [2004]) warranting a downward modification of his child support obligation from $70 to $56 per week.

Next, petitioner argues that Family Court abused its discretion in reinstating his $40 per week spousal support obligation because it will force him to live below the "self-support reserve" (*see* Family Ct Act § 413 [1] [b] [6]). Initially, we note that the self-support reserve threshold does not apply in the determination of spousal support under Family Ct Act § 412. The imposition of a spousal support obligation "require[s] a delicate balancing of each party's needs and means . . . [and is] 'dependent upon all of the circumstances, including . . . [petitioner's] means, the duration of the marriage, and the needs and ability of [respondent] to support . . . herself' " (*Matter of Shreffler v*

---

1. Although respondent receives an additional $7,548 per year in derivative Social Security disability benefits on behalf of the parties' child, that sum "should be considered by the court after the basic [child] support obligation is calculated and only then pursuant to a [Family Ct Act § ] 413 (1) (f) 'unjust or inappropriate' determination" (*Matter of Graby v Graby*, 87 NY2d 605, 611 [1996]). The parties do not contend that such a determination should have been made in this case.

*Shreffler, supra* at 680-681, quoting *Polite v Polite,* 127 AD2d 465, 467-468 [1987]. Although petitioner is left with an annual income of $12,138, after deductions for FICA in the amount of $1,757.08, child support in the amount of $6,994, and spousal support of $2,080, he has not demonstrated that he will suffer a diminution in his standard of living such that he cannot meet his own reasonable living expenses.[2] Respondent, on the other hand, is disabled and has demonstrated an inability to work. Given respondent's financial circumstances, we cannot say that Family Court abused its discretion in directing the reinstatement of spousal support in the amount of $40 per week.

Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed petitioner's applications for modification of his child support obligation; petitions granted to the extent that petitioner shall pay respondent child support in the amount of $56 per week; and, as so modified, affirmed.

---

2. Petitioner shares living expenses with another who earns approximately $24,000 per year.