■ In the Matter of JOANN SWEET, Respondent, v DANIEL B. SWEET, Appellant. [905 NYS2d 331]—

Garry, J. Appeal from an order of the Family Court of Columbia County (Pulver, Jr., J.), entered August 3, 2009, which granted petitioner's application, in a proceeding pursuant to

Family Ct Act article 4, to direct respondent to pay spousal support.

Petitioner and respondent were married in 1978 and are the parents of one adult son. Respondent left the marital residence in August 2007. He returned briefly in October 2007 but left again in January 2008. Petitioner thereafter commenced this proceeding seeking spousal support. Following a hearing at which both parties testified, the Support Magistrate rendered an award of support. Respondent filed certain objections and, in April 2009, Family Court remitted the matter to the Support Magistrate for recalculation. The Support Magistrate then rendered a reduced award, and both parties filed objections. Family Court denied the objections and affirmed the order in August 2009. Respondent appeals.

In its April 2009 order, Family Court found that the Support Magistrate had made some computational errors in determining petitioner's income, and remitted with specific directions for further calculations. The Support Magistrate initially performed these calculations, but rejected the results, and thereafter engaged in further computations leading to the revised award. Respondent contends that the Support Magistrate misinterpreted Family Court's directions, arguing that a correct calculation would have resulted in a significantly lower award. We find respondent's argument regarding the recalculation well founded. Nonetheless, in consideration of the circumstances presented, we do not find reduction of the spousal support award appropriate.

Family Ct Act § 412 provides: "A married person is chargeable with the support of his or her spouse and, if possessed of sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties." Such an award is to be based upon "a delicate balancing of each party's needs and means . . . and is dependent upon all of the circumstances, including . . . [respondent's] means, the duration of the marriage, and the needs and ability of [petitioner] to support . . . herself" (*Matter of Fuller v Fuller*, 11 AD3d 775, 777 [2004] [internal quotation marks, citations and brackets omitted]; *see Matter of Shreffler v Shreffler*, 283 AD2d 679, 680-681 [2001]; *see also* Domestic Relations Law § 236 [B] [6] [a]; *Matter of Yarinsky v Yarinsky*, 36 AD3d 1135, 1139-1140 [2007]).*

Determination of an award of spousal support under Family

---

* The factors established in the Domestic Relations Law relative to maintenance may be considered in an application under the Family Court Act, though

Ct Act § 412 is not formulaic; instead, "[e]ach case presents unique circumstances that must be balanced to reach an equitable result" (*Matter of Manzano v Manzano*, 2 AD3d 1168, 1169 [2003]). As noted by the Support Magistrate, this matter involves a marriage of long duration in which respondent has always acted as the primary breadwinner and earned considerably more than petitioner, and can be expected to continue to do so in the future. This income disparity is properly taken into account in fashioning a spousal support award (*see Matter of Shreffler v Shreffler*, 283 AD2d at 680; *Matter of Stoltz v Stoltz*, 257 AD2d 719, 720 [1999]). Moreover, although petitioner's current earnings are significantly lower than in her previous employment, she left her prior employment for health reasons and with respondent's agreement. She testified that her previous position is no longer available to her and that, as a result of economic conditions, her current earnings have been considerably lower than either party had anticipated. While her potential earning capacity is among the factors to be taken into account (*see Matter of Burke v White*, 126 AD2d 838, 840 [1987]), nothing in the record suggests that she is likely to return to her previous earning capacity in the near future given her age, health, education, and employment background.

Although respondent argues that the amount of support awarded is excessive, such an award need not be limited to the amount required to cover basic expenses (*see Matter of Stoltz v Stoltz*, 257 AD2d at 720). Instead, the parties' prior standard of living is properly considered (*see Matter of Yarinsky v Yarinsky*, 36 AD3d at 1140). In this regard, petitioner testified that she and respondent previously enjoyed a comfortable lifestyle in which his income was more than sufficient to cover living expenses, leaving her earnings available for vacations and other discretionary expenditures. Further, the record reveals that the sum awarded is well within respondent's means and capacity to pay (*see* Family Ct Act § 412; *Matter of Liebman v Liebman*, 229 AD2d 778, 780 [1996]).

This Court's authority to render the appropriate judgment is as broad as that of the trial court (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *McAuliffe v McAuliffe*, 70 AD3d 1129, 1135 [2010]). Applying the appropriate standards and taking all the circumstances into account (*see Matter of Yarinsky v Yarinsky*, 36 AD3d at 1140), we find the amount of spousal support awarded by the Support Magistrate and affirmed by Family Court was "fair and reasonable" (Family Ct Act § 412) and need not be disturbed.

---

such analysis need not specifically address each statutory factor (*see Matter of Burke v White*, 126 AD2d 838, 839 [1987]).

Spain, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.