■ In the Matter of KATHRYN G. GRANGE, Respondent, v ROBERT T. GRANGE, Appellant. [910 NYS2d 304]—

Egan Jr., J. Appeal from an order of the Family Court of Albany County (M. Walsh, J.), entered November 18, 2008 which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior order of spousal support.

The parties to this proceeding were married in 1958 and are still married, but have been living apart since about 1990. In March 1999, petitioner was awarded spousal support in the amount of $500 per month. In 2007, petitioner commenced the instant proceeding seeking an upward modification in spousal

support.[1] After a hearing before a judicial hearing officer in October 2007, the petition was dismissed based on petitioner's failure to establish a change in circumstances. In January 2008, upon petitioner's written objections, Family Court vacated the decision and remanded the matter to a Support Magistrate for a new hearing.[2] A second hearing was conducted and, at the conclusion of petitioner's case, the Support Magistrate granted respondent's motion to dismiss based on petitioner's failure to establish a change in circumstances. Upon petitioner's written objections, Family Court vacated the Support Magistrate's decision in June 2008 and ordered an upward modification of spousal support to $800.[3] Family Court subsequently granted respondent's motion to reargue and held that, while petitioner had established a prima facie case for an increase in support, it had erred in ordering such an increase when, given the Support Magistrate's dismissal of the petition at the conclusion of petitioner's proof, respondent had never had the opportunity to present his own proof in opposition to the petition. The matter was thus remanded to the Support Magistrate for a new hearing. In September 2008, after this third hearing, the Support Magistrate granted respondent's motion to dismiss, finding that petitioner failed to establish that respondent had the financial ability to increase his monthly spousal support obligation. Upon petitioner's written objections, Family Court vacated the Support Magistrate's decision finding that petitioner established a sufficient change in circumstances of both her and respondent's financial situations to, among other things, warrant an increase in respondent's monthly spousal support obligation to $800. Respondent now appeals.

Initially, we note that we are unable to consider factual evidence attached to petitioner's brief that was not made part of the record, including certain 1997, 1999 and 2006 tax documents, sworn correspondence from petitioner's daughter and other documents dated in 1980 and 1990 regarding certain real property located in New York (see *Benifits by Design Corp. v Contractor Mgt. Servs., LLC*, 75 AD3d 826, 829 [2010], citing *Kool-Temp Heating & Cooling v Ruzika*, 6 AD3d 869, 870 [2004]). Turning to the merits of the appeal, "[a] married person is chargeable with the support of his or her spouse and, if pos-

---

**1.** Although initially filed in Westchester County, this proceeding was thereafter transferred to Albany County.

**2.** Family Court vacated the October 2007 order based on the lack of a written stipulation by the parties consenting that a judicial hearing officer hear and determine the matter (see CPLR 4317 [a]).

**3.** Family Court's June 2008 order is based on its review of petitioner's objections, respondent's rebuttal and the underlying proceedings.

sessed of sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties" (Family Ct Act § 412). The provisions of Family Ct Act § 412 "require a delicate balancing of each party's needs and means" (*Matter of Shreffler v Shreffler*, 283 AD2d 679, 680 [2001]), taking into consideration the duration of the marriage, income disparity and the ability of a petitioner to support himself or herself (*see Matter of Sweet v Sweet*, 75 AD3d 744, 746 [2010]). In order to obtain modification of such an award, the moving party must establish that there has been a substantial change in circumstances since the prior award (*see* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Haviland v Haviland*, 216 AD2d 698 [1995]).

We agree with respondent that, since it was petitioner's burden to establish a change in circumstances, Family Court erred in taking judicial notice of the contents of financial disclosure affidavits filed with Family Court in 1999, which were neither offered nor admitted into evidence at any of the hearings (*see Walker v City of New York*, 46 AD3d 278, 282 [2007]). The mere presence of those documents in the court file does not mean that judicial notice properly can be taken of any factual material asserted therein (*see Walker v City of New York*, 46 AD3d at 282; *Weinberg v Hillbrae Bldrs.*, 58 AD2d 546 [1977]).

In reviewing the record, and according deference to Family Court's determinations, we find that petitioner failed to establish that either her or respondent's financial situation has significantly changed since the date of the prior award so as to warrant a change in spousal support. Petitioner testified that she has increased medical expenses and her monthly debts, in the amount of $1,300, exceed her monthly income by approximately $200, thus requiring her to borrow an additional $400 per month from her two daughters. Yet, there is no indication that petitioner's current financial hardship is any different than the hardships that she may have faced in 1999. Furthermore, there is an indication that some of petitioner's listed medical expenses are temporary and may be reduced by medical benefits made available to petitioner through respondent's pension.

The record also reflects that, while respondent's 2007 pension and Social Security income (in the amount of $40,000) increased slightly (by approximately $4,000) from his 1999 income, his monthly expenses, including his monthly spousal support obligation and payments for federal and state back taxes owed, total

approximately $3,100. As the Support Magistrate found in its September 2008 determination, this essentially equalizes the parties' disposable income. The record also reflects that, although respondent was self-employed as a computer consultant in 2007, and Family Court imputed additional income to him of $12,000, his business expenses (in the amount of $16,366) that year exceeded his reported business income of $15,918. We note that while Family Court took into consideration certain assets acquired by respondent prior to the 1999 award of spousal support, including a 1997 Lincoln car with 212,000 miles (worth an estimated $2,700), a 1995 BMW motorcycle with 100,000 miles (worth an estimated $1,500) and a 1989 Catalina sailboat (worth an estimated $20,000), it failed to consider the value of petitioner's ownership interests in certain parcels of real property—one parcel owned jointly by the parties and estimated to be worth $300,000 and the second parcel owned solely by petitioner, which respondent valued at $15,000. Accordingly, petitioner has failed to establish her entitlement to an upward modification in spousal support. We have reviewed the parties' remaining arguments and find them to be without merit.

Peters, J.P., Spain, Malone. Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

