■ WILLIAM F. FRISKE, Appellant, v CHENEQUA M. JOHNSON, Respondent. [949 NYS2d 534]—

Kavanagh, J.

Pursuant to an April 2010 Family Court order, plaintiff (hereinafter the husband) was obligated to pay defendant (hereinafter the wife) $120 per week in spousal support. The parties divorced in September 2010, and the divorce judgment continued the support order. Thereafter, in January 2011, the husband moved by order to show cause to terminate his spousal support obligation. After a hearing, Supreme Court denied the motion, prompting this appeal.

The husband was initially ordered to pay spousal support because the wife was unemployed and in danger of becoming a public charge. He now claims that he should no longer be obligated to pay her support because the wife has become a licensed practical nurse and has access to employment opportunities that allow her to support herself.

Domestic Relations Law § 236 (B) (9) (b) (1) provides that a "court may annul or modify any prior order or judgment as to maintenance, upon a showing of the recipient's inability to be self-supporting or a substantial change in circumstance . . . including financial hardship" (*see Reback v Reback*, 93 AD3d 652, 652 [2012]). We agree with Supreme Court that, while the wife has become a licensed practical nurse and has a part-time employment position, the husband has not demonstrated that her financial situation has significantly changed to warrant a modification of his obligation to pay her spousal support. At the hearing, evidence was presented that the wife requires additional training before she can be hired as a licensed practical nurse and, in the interim, can only be employed as a certified nursing assistant. More importantly, the wife established that she is employed by a temporary staffing agency, earned less than $1,000 in the first three months of 2011 and refused work only when she could not arrange for child care for her two children. While this was a short-term marriage, and the husband's obligation to pay the wife support pursuant to this order does not have a duration, Supreme Court properly determined that the husband failed to establish that in the four months since the divorce judgment was signed, a change in circumstance occurred that would warrant a modification of this spousal support obligation (*see Matter of Grange v Grange*, 78 AD3d 1253, 1256 [2010]).

Mercure, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.