■ In the Matter of ROBERT K. BOATMAN SR., Appellant, v NANCY BOATMAN, Respondent. [979 NYS2d 186]—

Lahtinen, J.

A maintenance obligation may be changed upon a showing of a substantial change in circumstances (see Domestic Relations Law § 236 [B] [9] [b] [1]; Friske v Johnson, 97 AD3d 1092, 1093 [2012]; Hall v Hall, 22 AD3d 979, 980 [2005]). Initially, we note that the record contains little information regarding the parties'

financial circumstances at the time of the divorce judgment, leaving no base from which to measure a change to their current financial circumstances (see Matter of Grange v Grange, 78 AD3d 1253, 1255 [2010]; Cynoske v Cynoske, 8 AD3d 720, 722-723 [2004]). Petitioner, who was 67 years old at the time of the hearing, retired in 2011 and has a serious health problem which prevents him from seeking further employment. Nonetheless, the evidence reveals that his combined retirement and Social Security income is about $64,000 per year. In addition, he has a net worth of over $1,500,000, including in excess of $1,380,000 in stocks, annuities and other investments. He has no liabilities except for unpaid income taxes. Petitioner's current wife is employed as a therapist at a hospital and he did not know how much she earned.

The proof regarding respondent, who was 69 years old at the time of the hearing, established that she also had a health problem that kept her out of work from her part-time job, where she earned approximately $12,000 annually. Her Social Security totaled about $12,700 per year. There was no proof that she had other assets available as a source of income. She lives with her adult son who is a college student and does not contribute to the household finances. Upon review of the record, we find no error in the determination that petitioner failed to show a substantial change in circumstances meriting a reduction in the maintenance payment.

Rose, J.P., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.