HSBC Bank USA, N.A. v Berdoe (2021 NY Slip Op 00301)





HSBC Bank USA, N.A. v Berdoe


2021 NY Slip Op 00301


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-06711 
2018-08765
 (Index No. 52234/15)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Simone Berdoe, respondent, et al, defendants.


Parker Ibrahim & Berg LLP, New York, NY (Daniel A. Schleifstein, Ben Z. Raindorf, and Mitchell E. Zipkin of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Ivan E. Young and Daniel G. Eugene of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated May 3, 2018, and (2) a judgment of the same court dated July 11, 2018. The order denied the plaintiff's motion to reject a referee's report dated January 16, 2018, made after a hearing, finding that the plaintiff failed to establish default in payment, and granted the cross motion of the defendant Simone Berdoe to confirm the referee's report and to dismiss the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint and canceling the notice of pendency.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Simone Berdoe.
The appeal from the order dated May 3, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In August 2006, the defendant Simone Berdoe (hereinafter the defendant) executed a note to borrow the sum of $472,000 from WMC Mortgage Corp. The note was secured by a mortgage on certain property located in Westchester County. The defendant allegedly failed to make a payment due on May 1, 2009, and subsequent payments due thereafter. In January 2012, the mortgage was assigned to the plaintiff. In 2015, the plaintiff commenced this action against the defendant and others to foreclose the mortgage.
In December 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her. In an order [*2]dated May 5, 2017, the Supreme Court determined that the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, finding, inter alia, that the plaintiff failed to establish the defendant's default on the loan. The plaintiff did not appeal from that order.
The matter was referred to a referee for a hearing, which was held on October 16, 2017. The plaintiff presented one witness, Linda Holmes, the case manager for the plaintiff's loan servicer. Holmes testified that her employer began servicing the subject loan in 2012. She further testified that she reviewed business records relating to the defendant's loan payment history and those documents indicated that the defendant had failed to make any payments since May 2009. The business records that Holmes relied upon were not introduced into evidence. Nor was an affidavit that had previously been submitted by the defendant in opposition to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and in support of the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her, wherein the defendant admitted to defaulting on the loan, made part of the hearing record. By report dated January 16, 2018, the referee found that the plaintiff had failed to establish the defendant's alleged default. Thereafter, the plaintiff moved, inter alia, to reject the referee's report, and the defendant cross-moved to confirm the referee's report and to dismiss the complaint. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
Default may be established by, inter alia, personal knowledge of the facts or business records introduced in admissible form (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208). Here, Holmes did not testify to having personal knowledge regarding the defendant's default. To the extent that her knowledge was based on her review of business records, she failed to lay a proper foundation for, or even identify what records she relied on, and the records were not introduced into evidence (see Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702; Fulton Holding Group, LLC v Lindoff, 165 AD3d 1053, 1055). We decline to take judicial notice of the defendant's affidavit which was submitted in connection with the summary judgment motions, which affidavit was neither offered nor admitted into evidence at the hearing (see Matter of Grange v Grange, 78 AD3d 1253, 1255; P.S. Lofts LLC v Kyle, 47 Misc 3d 146[A], 2015 NY Slip Op 50724[U] [App Term, 1st Dept]).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendant's cross motion to confirm the referee's report and to dismiss the complaint.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court